## P. J. Loonie v. J. T. Burt.

### No. 7095.

1. **Mechanic's Lien Upon Court House.**—A subcontractor sued the contractor and the county for material and labor upon the court house, asking enforcement of mechanic's lien. The county made no defense. Plaintiff recovered judgment and a decree was entered foreclosing the lien as requested. The contractor alone appealed. *Held*, that he could not complain of the decree of foreclosure against the county.

2. **Misrecital.**—In the decree foreclosing the lien against the county the plaintiff's name was entered as *Beer* instead of *Burt*. *Held*, the contractor alone appealing from the judgment rendered against him and the county he could not complain or raise the question on appeal.

3. **Practice—Absence of Statement of Facts.**—When there is no statement of facts in the record questions of variance raised upon the admissibility of testimony will not be considered on appeal. See example.

4. **Motion for New Trial.**—See case of want of diligence and of materiality of testimony sought as reasons for new trial.

Error from Bosque. Tried below before Hon. J. M. Hall.

The opinion states the case.

*W. M. Knight*, for plaintiff in error.—1. Plaintiffs' contract and account on which they relied for recovery and which were filed for the purpose of fixing their mechanic's lien were not recorded within four months as required by statute, nor until more than six months had elapsed from the maturity of their debt, hence no lien was fixed or made to exist. Rev. Stats., art. 3165; Cameron v. Marshall, 65 Texas, 7; Quinn v. Logan, 67 Texas, 600; Lee & Co. v. Phelps, 54 Texas, 370; Lee v. O'Brien, 54 Texas, 635.

2. The court erred in rendering a judgment and decreeing a foreclosure of the mechanic's lien for J. T. Burt & Co., a firm composed of J. T. Beer, when the petition seeks a recovery only for J. T. Burt & Co., a firm composed of J. T. Burt as plaintiff.

3. The court erred in rendering judgment decreeing that Bosque County's court house and public square should be sold under an order of sale to satisfy plaintiffs' mechanic's lien thereon. Const., art. 11, sec. 9.

No appearance for defendant in error.

GAINES, Associate Justice.—The defendant in error brought this suit in the court below to recover of plaintiff in error for work done and material furnished in constructing a court house for Bosque County. The plaintiff in error having entered into a contract with the county for building its court house, made an agreement with defendant in error by which the latter bound himself to do the galvanized iron work, the

tin roofing, etc., and to furnish the material, for the stipulated price of $3925. Bosque County was made a party defendant to the suit, and a judgment was prayed for against Loonie for the agreed price of the work and material together with a decree against the county enforcing a mechanic's lien upon the court house and the lots upon which it is situated. The county, though served with process, failed to answer, and upon the hearing there was a judgment and decree as prayed for. The county has not appealed nor has it joined in the petition for the writ of error.

The first and third assignments of error seek to question the correctness of the court's action in decreeing a foreclosure of a mechanic's lien upon the court house and the land upon which it is situated. This in our opinion is a matter about which the plaintiff in error has no right to complain. The enforcement of the lien does not prejudice his rights in any manner, and whether it be right or wrong is a question which does not concern him. The same may be said of the second assignment, which complains of a clerical error in writing the plaintiff's name "Beer" instead of Burt in a recital in the decree establishing and foreclosing the lien. For a similar reason the fourth assignment requires no consideration.

The fifth complains of the judgment because of an alleged discrepancy between the written contract upon which the suit was brought and the account which was filed in the office of the county clerk for the purpose of fixing the lien. We understand the contention to be that the court rendered judgment on the account in which there are charges for some material different from that stipulated for in the written contract. There being no statement of facts in the record we can not know upon what evidence the judgment of the court was based.

The plaintiff in error lastly complains that the court erred in overruling his motion for a new trial. This motion was put upon the ground that he had a valid offset to the plaintiff's claim and that he had been prevented by unavoidable circumstances from setting it up upon the trial. The offset was alleged to consist largely of sundry items of freight paid to a railway company at the instance of the plaintiff. The defendant made affidavit in substance that he had no memorandum of these various items, and that in order to state his defense it was necessary for him to apply at the office of the railway company in order to procure the data from its books; that he expected to do this a few days before the trial, but that he was prevented from doing so by reason of sickness which confined him to his bed. He recovered sufficiently to look after the matter on the day before the trial, but had not completed the necessary work when the case was called. The motion was insufficient for several reasons. The suit was brought August 8, 1887, and was not tried until January 27, 1888. He had ample time to have prepared his defense before he was taken sick. Besides, if he had had a legal excuse

for not being ready to proceed to trial he should have urged it in an application for a continuance. It is also to be noted that the motion for a new trial does not show that the plaintiff is insolvent, and no reason is seen why the defendant's claim could not have been enforced in a separate suit.

There is no error in the judgment of which the plaintiff in error can lawfully complain, and it is therefore affirmed.

*Affirmed.*

Delivered April 24, 1891.