Opinion delivered March 1, 1887.

No. 2302.

## W. D. CLEVELAND *v.* C. I. BATTLE.

FRAUDULENT ASSIGNMENT.—A member of an insolvent mercantile firm transferred his interest therein to his brother and without the knowledge of his partner, who afterward learned both of the transfer and of the insolvent condition of the firm. The purchaser knew that the conveyance was in fraud of creditors. Six days after learning of such transfer and insolvency (which were then known only to the parties), the partner who had not sold out, united with the purchaser from his former partner in a deed of assignment, in which he designated such purchaser as his partner, and which purported to convey all their property, with a provision that accepting creditors should release their claims. In a suit between the assignee and an attaching creditor of the original partnership, *held:*

1. The facts disclose a clear case of conspiracy to defraud the creditors of the original partnership.

2. As to creditors of the original firm the goods assigned were in the same position as to ownership that existed before the fraudulent conveyance to the brother was made.

3.   The assignment made by a firm thus fraudulently create1, di1 not convey the property of the original firm, or the individual property of its members.

4.   It passed no more than such interest as the remaining partner of the original firm might have after payment of partnership debts, which could be nothing, since the firm was insolvent.

5.   Since the partner who sold his interest did not join in the assignment, no release of creditors could be exacted, for such release can be required only when all the partnership property, as well as the individual property of the members composing the insolvent firm, passes by the deed of assignment.

6.   Objecting creditors could enforce their demands against the partnership property, disregarding the attempted assignment.

7.   The goods were subject to attachment.

APPEAL from Wharton.    Tried below before the Hon. William H. Burkhart.·

The conclusions of fact found by the district judge are sufficiently referred to in the opinion.   The conclusions of law filed by him were as follows:

"First.   That the assignment of Page and Gregory has not the effect to stop these creditors in proceeding against W. D.. Gregory for any amount due them, as he (W. D. G.) is not a party to the assignment, nor is he relieved thereby.

"Second.   That it matters not what may have been the fraud or fraudulent purposes of W. D. Gregory and F. E. Gregory, or either of them, the transaction having been made—the assignment is valid, and the creditors are prevented from proceeding to collect their debts, as in the manner in this suit attempted.

"Third.   That the assignee holds the property to be administered and disposed of under the assignment law.

"Fourth.   That the seizure of the goods by the creditors, and the sale thereof by them, make them liable for the value thereof to the assignee."

Judgment was rendered against the appellant Cleveland and in favor of the assignee Battle for one thousand and sixty-nine dollars and seventy-two cents damages, caused by the seizure of the goods under attachment.

*Scott & Levi*, for appellant, cited Keller v. Smalley & Harris, 63 Texas, 520; Burrill on Assignments, section 301; 2 Kent's Commentaries, marginal page 532; T. H. Still v. Focke & Wilkens, Tyler term, 1886; Burrill on Assignments, sections 88, 301; Story

on Partnerships, sections 97, 339, 407; Donoho v. Fish Brothers, 58 Texas, 169; Collyer on Partnerships, sections 413, 594; Grabenheimer v. Rindskoff, 64 Texas, 52.

*W. W. King,* for appellee, cited Schneider & Davis v. De Smith, 5 Texas Law Review, 590; Blum v. Welborne, 58 Texas, 164; Wert v. Schneider, 64 Texas, 329; acts of 1879, chapter 53, section 3.

WILLIE, CHIEF JUSTICE. The appellee sued Cleveland to recover the value of certain goods alleged to have been in possession of appellee as assignee of Frank Page and F. E. Gregory, and attached and converted by Cleveland to satisfy a debt due him by said Page and Gregory.

Appellant pleaded that the assignment under which the appellee claimed was fraudulent and of no effect to vest title to the goods in the latter as against the appellant, and that the goods were subject to the levy made upon them to satisfy the appellant's debt.

The judge to whom the cause was submitted rendered judgment in favor of the assignee for the proven value of the goods, and from that judgment this appeal is taken. There is no statement of facts in the record, but the judge's conclusions of fact show about this state of case:

That from January, 1884, till November 20, 1884, Frank Page and W. D. Gregory were doing a mercantile business as partners under the style of Page & Gregory; that at the last named date they were insolvent, and W. D. Gregory on that day conveyed his share of the partnership property to one F. E. Gregory, which conveyance was in fraud of the creditors of the firm, as was well known to the party receiving the conveyance. The appellant was at that time one of the creditors of the firm. The said conveyance was effected without the knowledge of Page, but it was made known to him on the ninth of December, 1884. At the same time he learned that the firm then doing business was insolvent. Page undertook immediately to make an assignment, but it was abandoned, and on the fifteenth of December, 1884, the assignment under which the appellee claimed the goods in controversy was executed. Up to this date the transfer from W. D. to F. E. Gregory was known to no one except those two parties and Page. The assignment in question was made by Page and F. E. Gregory as partners; it purported to convey all

their property, and provided that accepting creditors should release their claims.

The appellant contends that the judge's conclusions of fact required a finding as conclusions of law that the assignment was void as to the goods levied on and that they were subject to the attachment. The conveyance from W. D. to F. E. Gregory was found to have been fraudulent as to the creditors of the firm of Page & Gregory. Prior to the execution of the assignment to Battle, Page became cognizant of this conveyance, and, at the same time, discovered that the firm of Page & Gregory was insolvent. These facts came to his knowledge less than twenty days after the conveyance was made; yet he kept the fact to himself, accepted F. E. Gregory as a partner, continued the business with him under the old firm name, and finally made the assignment in question as the act and deed of the new firm and its individual members. Having full knowledge of the conveyance and of its necessarily fraudulent character, it was his duty to protect the creditors of the old firm and see that its property went toward the payment of their debts. This he might have done by preventing his interest in the partnership from becoming complicated with the grantee in the fraudulent conveyance. His own share of the partnership property was of course liable to execution for firm debts. His former partner's interest was still liable, because his conveyance was as to them fraudulent and void. The creditors were in a position to enforce these debts against the partnership estate, but were wholly ignorant of the attempt of W. D. Gregory to deprive them of this right by a fraudulent conveyance. But Page was aware of this fact, kept it as a secret between himself and the Gregorys, and sanctioned the fraud by accepting the fraudulent grantee as his partner.

This was a clear case of conspiracy between the partners of the two firms to defraud the creditors of the original partnership —to place the goods where the creditors of that partnership would be hindered and delayed in subjecting them to their demands. The usual consequences of such an attempt must be visited upon the property thus sought to be placed beyond the reach of the creditors. So far as those holding claims against the old firm were concerned, the goods were left in the same position as to ownership as they were before the fraudulent conveyance was made. They were, as to such creditors, still the property of the firm composed of Page and W. D. Gregory. As

to the property of that firm, these goods were of course subject to a general assignment executed by the partners composing the firm.

But this was not the character of the assignment made to the appellee. W. D. Gregory did not join in it or even assent to it as a member of the firm. Page did sign it—not purporting to convey the partnership property of that firm, but the property of a new firm, which owed its existence to a fraud perpetrated on the creditors of its predecessor, in which the members of both firms participated. This assignment, not intending to convey the firm property of Page and W. D. Gregory, did not have that effect. It passed no more than the partnership property of the firm composed of Page and F. E. Gregory and the individual estate of each of these parties. But as to Cleveland, as we have seen, the goods in question were not the property of the last mentioned firm, but of the one of which W. D. Gregory was a member, and hence did not pass to the appellee under the assignment, unless they did so because that instrument was executed by Page, who was a member of both partnerships.

The assignment not purporting to convey the property of the old firm, the execution of it by Page passed no more than his individual interest in the goods, which interest was his share in what was left of them after the partnership debts were all paid. (Still v. Focke & Wilkens, 66 Texas, 715; Burrill on Assignments, sec. 88.) The firm, however, was insolvent; hence there was nothing to be left for Page after the payment of partnership debts, and no interest whatever in the goods could possibly pass to the assignee.

But if we regard the instrument in question as an assignment by one partner acting on behalf of the firm, it can not be sustained as to the property of the original firm, for W. D. Gregory did not sign it or assent to it, and his individual estate did not pass under the instrument. It was an assignment exacting releases of creditors, and such a condition is valid only when it conveys all the firm property as well as that of the individual members composing it—excepting, of course, property exempt from forced sale. If either member's individual estate is not conveyed, objecting creditors may enforce their debts against the property in the same manner as if no assignment had been attempted. (Donoho v. Fish Brothers, 58 Texas, 169.) For these reasons we think the goods were liable for the partnership debts of the firm composed of W. D. Gregory and Frank Page.

The court should have so determined under the facts found by it to have been proved, and its finding in behalf of the appellee was erroneous. For this error the judgment will be reversed and rendered here for the appellant, and it is so ordered.

*Reversed and rendered.*

Opinion delivered March 1, 1887.