No. 5715.

Robert McCart *v*. W. T. Maddox et al.

1. Statutes Construed — Assignment for Benefit of Creditors.—
The object of the act of 1879, regulating assignments for the benefit of creditors, was not to invalidate all such assignments as failed to conform strictly to the requirements of that act, but to subject all, as far as practicable, to its operation, in order that the assigned property might be administered, and its proceeds distributed according to the requirements of the act.
2. Same.—Construing section 1, of the act of 1879, regulating assignments *held:* that the failure to insert, in a deed of assignment for the benefit of creditors, that the property therein specified is not *all* of the assignor's estate, will not render the conveyance void upon its face. Such a conveyance, made by an insolvent debtor, will be deemed a general one, and must be construed to pass all the assignor's property subject to forced sale, whether so expressed or not.
3. Attorneys' Fees.—See opinion for facts under which, in a suit to recover damages for a wrongful seizure of property under judicial process, it was *held,* that attorneys' fees could not be included.

Appeal from Tarrant. Tried below before the Hon. R. E. Beckham.

*Ball & McCart,* for appellants, on their proposition that the deed of assignment was a valid statutory assignment, cited Revised Statutes Appendix, 5; see section 1 of said act; also section 2 of said act; also section 9 of said act; also section 10 of said act; Blum v. Wellborn, 58 Texas, 157; Keating v. Vaughn, 61 Texas, 518; Blum v. Wettermark, 56 Texas, 84; Coffin v. Douglass, 61 Texas, 406; Burrell on Assignments, section 456; Wharton v. Fisher, 2 S. & W., 158; Merrill v. Wilson, 29 Maine, 58; See also in connection Revised Statutes of Maine; Fant et al. v. Elsbury, Southwestern Reporter, volume 2, No. 12, page 866; Bailey v. Mills, 27 Texas, 437; Baldwin v. Peet, 22 Texas, 708; Weider v. Maddox et al., Texas Law Review, volume 6, No. 24, page 371; Stewart v. Spencer, 1 Curtis, 157, 168, cited in Myer's Federal Decisions, volume 13d, section 298; Halsey v. Whitney, 4 Mason, 206–232; Myer's Federal Decisions, volume 13d, section 322.

On their proposition to the effect that the failure of the deed

to declare that it conveyed all the assignor's property was not fatal to it, they cited Donoho v. Fish Bros., 58 Texas, 164; United States v. Howland & Allen, 4 Wheaton, 114.

That the assignment was at least good as a practical assignment, they cited Eicks & Moore v. Copeland, 53 Texas, 591, 592; Baldwin v. Peet, 22 Texas, 718; Burrell on Assignments, second edition, chapter 10, page 105, and chapter 11, page 131; Bump on Fraudulent Conveyances, 336, 371; Grover v. Wakeman, 11 Wendell, 187; Meeker v. Saunders, 6 Iowa, 61; Bridges v. Hinds, 18 Maryland, 489; Ingraham v. Griggs, 13 S. & M., 22; Pierce v. Jackson, 2 Rhode Island, 35.

That the plaintiff was entitled to recover attorney's fees, they cited Bracken v. Niell, 15 Texas, 109; Gulf, Colorado & Santa Fe Railway v. Levy, 59 Texas, 548, 549; Sedgwick on Measure of Damages, 107, 108, and notes.

*A. M. Carter* and *John D. Templeton*, for appellees, on their proposition, to the effect that since the assignment did not purport to convey all the property of the assignor, the court ruled properly in holding it void, cited Fish Bros. v. Donohoo, 58 Texas, 164; Farqueharson v. Eichelberger, 15 Maryland, 63; Bridges v. Hindes, 16 Maryland, 101; Rosenberg v. Blondheim, 11 Maryland, 376; Wilson's Accounts, 45 American Decisions, 704; Hennessey v. Western Bank, 40 American Decisions, 563; Pike v. Bacon, 38 American Decisions, 259; Bump's Fraudulent Conveyances, second edition, 429; Barnitz v. Rice, 14 Maryland, 24.

GAINES, ASSOCIATE JUSTICE. This suit was brought by appellant against appellee Maddox, sheriff of Tarrant county, and the other appellees as sureties on his official bond, to recover damages for the alleged wrongful seizure of a stock of goods under a writ of attachment. Appellant claimed the goods by virtue of a deed of assignment made to him by one C. H. Felton. They were attached as the property of the assignor, upon the theory that the assignment was in contravention of the statute, and was therefore void. The conveyance was made an exhibit to the petition, and omitting its formal parts, reads as follows:

"I, C. H. Felton, of said county and State, do hereby assign, transfer, set over, and deliver to the said Robert McCart, all the stocks of goods, wares and merchandise, together with the

fixtures and other property therein belonging to me, in the two stores now occupied by me in the city of Fort Worth—one being known as Felton's store, at number thirteen Main street, in said city, and the other store on said Main street, under the Waverly house; and I hereunto append as a part hereof a full, true and correct schedule and inventory of all of said property, and I further hereby assign and transfer to him all my choses in action, consisting of accounts due and payable to me, a list of which I also append hereto as a part hereof. This assignment is made to the said Robert McCart for the benefit of my creditors, and in trust for that purpose; it being intended that I and my said assignee shall be governed in this transaction, and in the distribution of said property and the proceeds thereof, by the statute of the State of Texas, approved March 24, 1879; and I do append hereto as part hereof, a list of all my said creditors as required by said statute."

Exceptions were sustained to the petition, and plaintiff declining to amend, excepted and appealed to this court.

The first exception is, that the deed of assignment is void, because it shows upon its face that it does not purport to convey all of the property of the assignor; and this raises the controlling question in the case. The courts of many of our States, which have statutes regulating such conveyances by insolvent debtors, hold that such assignments as do not comply with the terms of their respective statutes, are prohibited by them and convey nothing as against those creditors who do not assent. (Pike v. Bacon, 21 Maine, 280; Raleigh v. Griffith, 37 Arkansas, 153; Forbes v. Scannel, 13 California, 242; Oneil v. Beck, 69 Indiana, 239; Edwards v. Mitchell, 1 Gray, 239; Williams v. Frost, 27 Minnesota, 255; Heelan v. Hoagland, 10 Nebraska, 511; Churchill v. Whipple, 41 Wisconsin, 611; Scott v. Weam, 62 Wisconsin, 175.)

Some of the acts make void by express provision such assignments as fail to conform to their requirements in certain particulars, and others expressly avoid such as fail to comply with any of their provisions; while the laws of one State at least, and perhaps others, have been held to invalidate assignments which departed from their requirements, although the statutes contained no express provision giving them this effect. (Raleigh v. Griffith, supra, and see generally Burrell on Assignments, sections 14 to 33a.) When it is to be deduced from the language of an act that it is the intention of the legislature to prohibit such

assignments as do not comply with any one or more of its requirements, they should be held void, whether the intention appears by express words or by fair implication.

Our statute, however, comes under neither of the classes mentioned. There is no express provision that a failure to comply with its requirements, either generally or in any special particular, shall invalidate an assignment. On the contrary, it expressly enacts that the failure to file the inventory and list required by section 2 of the act, shall not avoid the conveyance; and this court has held that an attempted preference of creditors in controvention of section 18, is in itself void, but does not affect the validity of the instrument. (Fant v. Ellsbury, 2 S. W. Rep., 866.) It is held also that the deed is operative under the original law of 1879, though the assignee may have failed to give the bond, provided for by that law (Windham v. Patty, 62 Texas, 494); and in Fant v. Ellsbury, just cited, the court announced this general conclusion, "that every instrument is governed as to its force and effect, the validity of its provisions and the manner in which the trust created is to be administered, by the provisions of our statutes regulating assignments for the benefit of creditors." We are clearly of opinion, therefore, that the object of the act of 1879 was not to invalidate assignments made by insolvent debtors, but to bring them all, so far as practicable, within its operation and to administer the property and distribute the proceeds according to its requirements.

Omitting the words which do not effect the question before us, section 1 of the statute reads: "That every assignment made by an insolvent debtor   *   *   for the benefit of his creditors shall provide   *   *   for a distribution of all his real and personal estate   *   *   among all his creditors in proportion to their respective claims, and however made or expressed shall have the effect aforesaid and shall be construed to pass all such estate whether specified therein or not." The words "every assignment," includes those that are partial as well as those that are general; and the words "shall have the effect aforesaid," without the aid of those which follow, should be held to mean, that the effect of any such conveyance whether general or partial, shall be to convey all the debtor's property for distribution among all their creditors, without reference to any inconsistent provision made by the assignor. But should there be any doubt as to this, it is set at rest by the succeeding words. They can only be made to apply to partial assignments, and mean that

though only a part of the debtor's property be named in the conveyance, it shall be construed to pass the whole of his estate.

This construction is in accordance with the spirit of both the original and amendatory acts; and even if the words we have quoted were less clear in their meaning, we should be reluctant to hold that the failure to say in a deed of assignment that the property specified was all of his estate, rendered the conveyance void upon its face. Natural equity demands that the property of insolvent debtors shall be distributed among their creditors in proportion to the amount of their respective claims. Laws made for this purpose should, if the language permit, be construed in a manner best calculated to attain this object; for it is but reasonable to presume that the legislature intended that construction which is most conducive to the ends of justice.

But aside from this, the language of the first section of the original act is sufficient to manifest the intention of the legislature that every assignment, made by an insolvent debtor, should be deemed a general one, and should be construed to pass all the assignor's property, subject to forced sale, whether so expressed or not. The import of the section is plain and its construction not doubtful. We think, therefore, that the court below erred in sustaining the first exception to the petition.

It follows from the ruling that the second exception to the petition was properly maintained, in so far as the effect of the ruling was to strike out the allegations that nine-tenths in number and seven-eighths in value of the creditors had assented to the assignment. If the conveyance was bad, the assent of a part of the creditors, however large the proportion, did not make it good against those who did not assent. The fact was unimportant, and the allegation served but to encumber the record, and upon exception it was proper to strike it out.

It was proper also to sustain the exception to so much of the petition as claimed attorney's fees. It is alleged that the seizure was made willfully and deliberately and against the protest of plaintiff, but every levy should be made willfully and deliberately, and in cases of this character they are usually made against the protest of the party who claims adversely to the defendant in the writ. It is alleged, however, that the levy was "wantonly and fraudulently" made, but no act of wanton violence is stated. Nor is any fraudulent device averred. As we construe the petition, it merely shows a seizure by the sheriff in

his official capacity under a writ at the instance of creditors, who sought to contest the validity of the assignment. The allegations do not warrant the recovery of attorney's fees, and so much of the petition as claimed such damages was subject to defendant's third special exception.

Because the court erred in sustaining the general demurrer and first special exception to the petition, the judgment is reversed and the cause remanded.

*Reversed and remanded.*