## CHARLES WETZEL v. L. SIMON & CO.

### No. 203.

**1. Want of Jurisdiction in Supreme Court—Practice.**

If the Supreme Court is without jurisdiction of the cause, it is the duty of the court to dismiss the suit with or without motion. In this case the motion to dismiss was filed after the writ of error had been granted and the case had been submitted. The court set aside the submission and suggested argument upon the question of jurisdiction ......................411, 412

**2. Same—Trial of Right of Property.**

County Courts do not have jurisdiction in suits to try the right of property where the value of the property levied upon is $500 or over. And of such cases the Supreme Court has jurisdiction in error ....................... 412

**3. Trial of Right of Property—Affidavit—Practice.**

The statute for trial of right of property only requires claimant to make affidavit that "his claim is made in good faith." The affidavit is not pleading. It was competent and proper to allow the claimant in making up the

issues in the case to correct a statement as to his source of title made in the
affidavit. See example ........................................... 412

4. Mercantile Business Carried on in Name of Wife.
Debts incurred in carrying on the business of a married couple in name of the
wife are community debts, and for which the husband is liable .......... 413

5. Same—Conveyance by Wife at Instance of Husband.
A mercantile business was carried on by and in name of the wife. The busi-
ness failing, at the instance of the husband the wife executed to a trustee
an assignment for the creditors of the firm, described as her creditors. In
contest by the trustee against attaching creditors, *Held*, that the convey-
ance operated as a conveyance of the property, equally as if executed by the
husband directly under his own hand ................................ 413

6. Statutes—Assignment.
Construing article 65a Sayles' Statutes, *Held*, it would have been difficult for
the Legislature to have used more comprehensive terms or to have expressed
in such few words more clearly an intention to give to every assignment by
a failing debtor whether of part or the whole of his property, and when for
the benefit of some or of all of his creditors, the effect of a general assign-
ment for the benefit of all in proportion to their respective claims. This
does not apply to a mortgage ...................................... 414

7. Case Limited.
Coffin v. Douglass, 61 Texas, 406, limited ........................... 415

ERROR to Court of Civil Appeals for Third District, in an appeal from Hays County.

The instrument construed in the opinion is as follows:

"*State of Texas, County of Hays.*—Know all men by these presents, that whereas I am indebted to divers persons and firms in different sums of money, which will be shown by an inventory annexed hereto and marked 'Exhibit A;' and whereas I am insolvent and unable to pay said debts in full.

"Now therefore I, Mrs. B. Wise, of said county and State, in con-sideration of the sum of ten dollars, paid by Charles Wetzel, the re-ceipt of which is hereby fully acknowledged, and in consideration and for the purpose hereinafter stated, have given, granted, sold, assigned, and delivered, and by these presents do give, grant, sell, assign, and deliver to the said Charles Wetzel, of the county of Hays, and State aforesaid, in trust, as assignee for the benefit of all of my creditors, all of my wares, merchandise, stock in trade belonging to me, now in or about the storehouse now occupied by me in the city of San Marcos, * * * including all properties of all kind whatsoever, anywhere situated, owned by me, amounting in value to about twenty-five hun-dred dollars, which will be shown by an inventory hereto attached, marked 'Exhibit B;' together with all my books, accounts, notes, bills, drafts, and acceptances, including every indebtedness to me, amount-ing to about two hundred dollars, * * * excepting only such prop-

erty as is exempt to me by law; to have and to hold to the said Charles Wetzel, as assignee in trust for the benefit of all my creditors, with authority and power on part of my said assignee to distribute all of my said property other than that which is by law exempt from execution among all my creditors, in proportion to their respective claims.

"Witness my hand, on this the 10th day of November, A. D. 1890.

[Signed]     "MRS. B. WISE.

"N. WISE."

This instrument was acknowledged by Mrs. B. Wise the day of its date, and then delivered by the husband to the trustee, with possession of the goods. It was duly filed on same day. On November 14th schedules of assets and debts were sworn to by Mrs. Wise. On November 17th N. Wise acknowledged the paper.

On November 14th Simon & Co. brought suit in the County Court of Hays County against N. and B. Wise for $445.50, due January 1st thereafter. Attachment issued in said suit, the goods were seized by the sheriff November 14th, and were by him valued at $650.50.

The assignee, Wetzel, filed claim and bond. The sheriff returned the papers to the District Court. On trial the judgment was in favor of the plaintiffs in the attachment, and against the claimant.

The judgment was affirmed by Court of Civil Appeals. Other facts appear in the opinion.

No brief for plaintiff in error on the question of jurisdiction reached the Reporter.

*Thos. H. Franklin*, for defendant in error on points suggested for reargument by the Supreme Court.—If the County Court would have had original or appellate jurisdiction under the Constitution to try this case, then the decision of the Court of Civil Appeals herein is final (Acts 1892, section 5, p. 26), and this court has no jurisdiction in this case. Acts 1892, art. 1011, p. 20.

It is the evident purpose of the statutes regulating the jurisdiction of the Supreme Court and Court of Civil Appeals to limit the appellate jurisdiction of the Supreme Court to those cases originating in the District Court, and over which the County Court had no jurisdiction, either exclusive or concurrent with the District Court. The exceptions to this general rule are specifically declared in the law. The vital question in the case, therefore, is, had the County Court of Hays County concurrent jurisdiction with the District Court of this case? The answer to this question must be found in the provisions of the Constitution of the State as they now exist.

A proper understanding of this question can be best arrived at by a comparison of sections 8 and 16 of article 5 of the Constitution now

in force, with the same sections as they existed prior to the adoption of the present amendments. Under these sections, prior to the amendments, there is no attempt to give to the District Court exclusive jurisdiction by express enactment, except in cases of suits for the trial of title to land. A proper construction of the two provisions is, that the County Court has concurrent jurisdiction with the District Court of all suits except in cases where its jurisdiction is limited by section 16, and where jurisdiction is conferred on the District Court by section 8, and no jurisdiction conferred over like matters on the County Court by section 16.

By section 8, the District Court is given original jurisdiction in criminal cases of the grade of felony; and by section 16 the County Court is given jurisdiction over all criminal cases of the grade of misdemeanors, except such as are within the exclusive jurisdiction of the District Court, etc., and no jurisdiction is conferred on it to try felonies.

By section 8, the District Court is given jurisdiction of all suits in behalf of the State to recover penalties, etc.; and no jurisdiction is given to the County Court of such suits by section 16.

By section 8, the District Court is given jurisdiction of all cases of divorce; and section 16 confers no jurisdiction of such cases on the County Court.

By section 8, the District Court is given jurisdiction of all misdemeanors involving official misconduct, and the County Court is given no jurisdiction of same.

By section 8, the District Court is given jurisdiction to try all suits to recover damage for slander or defamation of character. Section 16 makes no mention of such suits in defining the jurisdiction of the County Court.

By section 8, the District Court is given jurisdiction of all suits for the trial of title to land and the enforcements of liens thereon; and by section 16 it is specially declared that the County Court has no jurisdiction over suits for the recovery of land, and no jurisdiction is conferred on it to enforce liens upon land.

By section 8, the District Court is given jurisdiction of all suits for the trial of the right to property, where the property levied on shall be equal to and exceed in value $500, and of all suits when the matters in dispute shall be valued at $500, exclusive of interest; and the County Court is given concurrent jurisdiction with the District Court without any limitation, except as to land suits, when the matter in controversy in any suit shall exceed $500 and not exceed $1000.

I take it, that the correct construction of these two provisions of the Constitution is, that the County Court has concurrent jurisdiction with the District Court of the suits for trial of right to property, where the value of the property, it being the amount involved, is less than $1000.

This question of jurisdiction in the provision of the Constitution has not been decided heretofore by our Supreme Court, although the Court of Appeals decided in the cases of Heidenheimer v. Marks & Kempner, and Goddard v. Freiburg, 1 White & Wilson, sections 172, 173, that the jurisdiction of the District Court over cases involving trial of rights to property is exclusive where the amount of the value of the property is equal to or over $500.

This construction does violence to the provisions under consideration and gives exclusive jurisdiction by construction, whereas none is given by the provisions above referred to.

The case of Chrisman v. Grayham, 49 Texas, 491, decides that the District Court has no jurisdiction to try the right to property when same is valued at less than $500; and this is in accord with sections 8 and 16, above referred to.

Section 8 as amended (Acts 1891, p. 199) confers jurisdiction upon the District Court in very much the same language as did the said section before its amendment; and section 16 defines the jurisdiction of the County Court in practically the same language as contained in the section before its amendment.

The decision of the Supreme Court in the case of Irwin v. Blanks, 60 Texas, 584, does not decide that the County Court has not concurrent jurisdiction, under the constitutional provisions above referred to, with the District Court over suits for the trial of right to property, where the amount involved exceeds $500 and is less than $1000. The point at issue in that case was whether the District Court had any jurisdiction where the value of the property in controversy in an action for the trial of right to property was of the value of $500. The court held therein that section 8 conferred jurisdiction on the District Court in such cases, but the question whether that jurisdiction was exclusive of or concurrent with that of the County Court was not involved in that case, nor decided by it.

In the case of Johnson v. Happel, 4 Texas, 96, the provision of the Constitution of 1845, conferring jurisdiction upon the District Court, was under consideration. It was held by the court, that said provision did not confer exclusive jurisdiction on the District Court. Said provision, in defining the jurisdiction of the District Court, declared, that "the District Court shall have original jurisdiction of all suits where the matter in controversy shall be valued at or amount to $100, exclusive of interest."

Section 17 of the same article declared, that "justices of the peace shall have such civil and criminal jurisdiction as shall be provided by law."

By an Act of the Legislature to organize the Justice Courts, it is provided as follows: "They shall have jurisdiction in all suits and actions for the recovery of money on any account, bond, bill, note, or

other instrument of writing; on all suits and actions for the recovery of specific articles or the value thereof; of all suits and actions for torts, trespasses, and other injuries to personal property, where the amount claimed or the value of the article, or the damages sought to be recovered, shall not exceed $100, exclusive of interest and costs."

The court held, that by these provisions the District Court and the Justice Courts were given concurrent jurisdiction where the amount in controversy was $100, and that there was no repugnancy or conflict between them; that the jurisdiction conferred upon the District Court was not an exclusive original jurisdiction; that to adopt the construction that the jurisdiction conferred upon the District Court was exclusive would be, in effect, to interpolate in the constitutional provision in question the word "exclusive," instead of "shall have original jurisdiction," and would make the provision read, "shall have exclusive original jurisdiction;" that if this had been intended by the framers of the Constitution, they would doubtless have employed language to appropriately convey their meaning. If jurisdiction had been conferred upon such court by legislative enactment in the same language employed, that it could not be questioned but such jurisdiction would have been concurrent in each court, and not exclusive in either; that the conferring upon an inferior court of jurisdiction of a case of which a superior court has jurisdiction renders their jurisdiction concurrent, but not inconsistent; that it does not deprive the superior court of its jurisdiction.

To the same effect is the decision in the case of Love et al. v. McIntyre, 3 Texas, 10.

Applying the reasoning in these cases to the construction of the two sections of the Constitution under consideration, it will be readily seen that there is no attempt therein to make the jurisdiction of the Supreme Court exclusive over trials of right to property where the amount involved exceeds $500. The word "exclusive" is not used in section 8 in conferring jurisdiction on the District Court over such suits.

Certainly a trial of right to property is a suit, and certainly, under the provisions considered, the County Court has concurrent jurisdiction with the District Court in all suits where the matter in controversy exceeds $500 and is less than $1000. The special provision in section 8 with reference to the jurisdiction of the District Court over trials of the right to property was evidently put there in order to obviate any difficulty where executions, etc., were issued out of the District Court and levied upon property of less value than $500. In such cases, without some such provision, it would probably have been contended that all trials of the rights to property arising under such execution should be had in the District Court as ancillary proceedings to the main case. In order to settle this question, the provision under consideration was doubtless enacted. This provision clearly makes

suits for the trial of rights to property separate and distinct suits from those in which the process levied upon the property in dispute issued, and directs in which court the trial of right to property suits may be had when the value of the property is less than $500.

It will be noted that section 16, in conferring jurisdiction on the County Court in misdemeanor cases, expressly gives exclusive original jurisdiction in the cases therein named, and likewise gives exclusive jurisdiction in civil cases when the matters in controversy exceed in value $200 and do not exceed $500, and expressly gives concurrent jurisdiction with the District Court when the matter in controversy shall exceed $500 and not exceed $1000, exclusive of interest, excluding, however, expressly all suits for the recovery of land; whereas section 8 nowhere gives to the District Court exclusive jurisdiction.

Section 16 likewise expressly gives to the Court of Civil Appeals appellate jurisdiction in all cases, civil and criminal, of which the County Court has exclusive or concurrent original jurisdiction.

Section 6, article 5, of the Constitution as amended confers upon the Court of Civil Appeals appellate jurisdiction in all civil cases of which the District or County Courts have original or appellate jurisdiction, under such restrictions and regulations as may be prescribed by law.

Thus it will be seen that there is nothing in the entire judiciary article of the Constitution from which the conclusion can be drawn that exclusive jurisdiction is conferred upon the District Court except in the manner indicated in the first portion of this argument.

In fixing the appellate jurisdiction of the Court of Civil Appeals, the Legislature evidently had reference to the jurisdiction of County and District Court as fixed by the Constitution, without reference to any law either limiting or enlarging such jurisdiction. This would make the jurisdiction of the Court of Civil Appeals fixed and certain, only to be changed by legislative enactment, and not to be varied by laws changing the jurisdiction of the County and District Courts. If the jurisdiction of the Court of Civil Appeals had been left dependent upon legislative changes made of the jurisdiction of the inferior courts, then that of the Court of Civil Appeals would be shifting and uncertain, and this would give rise to litigation.

*S. B. McBride* and *Gustave Cook,* for plaintiff in error.—The instrument executed by B. Wise under the circumstances in evidence operated as an assignment to the trustee Wetzel.

The testimony of N. Wise shows, that he was then, and for years before, doing this mercantile business himself under the firm name and style of "B. Wise," the name of his wife. And he says, "My creditors generally knew the style in which I conducted my business," and that "the plaintiff in this suit knew it." He says, "The business carried on in the name of B. Wise was my business, and not my wife's busi-

ness." He says: "The style and name in which the business was carried on was known to everybody here. I approached Mr. Wetzel and asked him to be my assignee for the benefit of my creditors, and he said yes. I directed my wife to sign for me an instrument of writing, which she did, and I delivered the instrument to Mr. Wetzel on the 10th day of November, 1890. I had my wife to sign Mrs. B. Wise's name to said instrument, because my business had been conducted in her name, and I thought the instrument, to be effectual, should be signed in the name in which the business had been conducted."

The instrument itself, made in the name of B. Wise, purports to convey the property to said Wetzel, in trust, "for the benefit of all my creditors," and it purports to convey not only the property in controversy, but it purports to convey "all properties of all kinds whatsoever, anywhere situated, owned by me." It in terms exempts from the operation of the conveyance "only such properties as are exempt to me by law. * * * With authority and power on the part of my said assignee to distribute all of my said property, other than that which is exempt from execution, among all my creditors in proportion to their respective claims."

The testimony of Wetzel shows, that N. Wise delivered to him this instrument and possession of the property on the 10th day of November, 1890. Sayles' Civ. Stats., arts. 65a, 65f, 65i, 65o, 65s; McKee v. Coffin, 66 Texas, 304; McCart v. Maddox, 68 Texas, 456; Schoolher v. Hutchins, 66 Texas, 324; Fant v. Ellsberry, 68 Texas, 1; McIlhenney Co. v. Miller, 68 Texas, 356; Moody & Co. v. Carroll, 71 Texas, 144; Barber v. Hutchins, 66 Texas, 319; Miller v. Marx & Kempner, 65 Texas, 131; Schmick et al. v. Bateman, 77 Texas, 326; Boyd et al. v. Haynie, 18 S. W. Rep., 156; Foreman v. Burnette, 18 S. W. Rep., 756; Blum v. Welborne, 58 Texas, 162; Ochoa v. Miller, 59 Texas, 460.

*Denman & Franklin* and *Hutchinson & Crews*, for defendants in error.—The deed of assignment was executed and acknowledged by Mrs. B. Wise as her act, and not as the act of N. Wise or of a business firm doing business under the name of B. Wise. It purported to convey the property to the assignee for the benefit of her creditors, and not for the benefit of creditors of N. Wise, or of any other firm or individual doing business under the name of Mrs. B. Wise. This conveyance was not joined in by N. Wise until after the levy of plaintiff's attachment, and Mrs. B. Wise could not convey any property by a deed without being joined therein by her husband. The statute on assignments does not contemplate any assignment not made in writing.

It is evident from the statutes that no verbal conveyance of property can operate as a statutory assignment. The conveyance from Mrs. Wise not being good as a statutory assignment, and not purporting to convey the property of N. Wise, was ineffectual to pass the title of N.

Wise to the property in controversy, which is shown by the undisputed evidence to have been the community property of N. Wise and his wife. This being true, the conveyance to Wetzel could be attacked by creditors as in fraud of their rights. Whether such conveyance was fraudulent or not was a question of fact, and was decided in favor of appellee by the court below, and the evidence is sufficient to justify the finding. Sayles' Civ. Stats., arts. 65a, et seq., 548; Caton v. Mosely, 25 Texas, 374; Kittrell v. L. & H. Blum, 77 Texas, 337; Kenedy v. McKee, 142 U. S., 606; Cleveland v. Battle, 68 Texas, 111; McWilliams v. Cornelius Bros., 66 Texas, 301; Still v. Focke & Wilkens, 66 Texas, 717; Baylor Co. v. Craig, 69 Texas, 331; Carothers & Searight v. Alexander, 74 Texas, 311; Houston v. Killough, 16 S. W. Rep., 56; Donaho v. Fish Bros., 58 Texas, 164; Coffin v. Douglas, 61 Texas, 407; Burr. on Assign., p. 170.

GAINES, CHIEF JUSTICE.—The defendants in error having caused a writ of attachment to be levied upon a certain stock of goods in possession of and claimed by the plaintiff in error as assignee, the latter made affidavit and gave bond under the statute for the trial of the right of property in such cases. The sheriff having assessed the value of the property at $650, returned the oath and bond, together with a copy of the writ, to the District Court of Hays County. The issues made up in accordance with the statute were determined in the District Court in favor of the attaching creditors; and an appeal having been taken by the claimant to the Court of Civil Appeals, the judgment of the District Court was there affirmed. The appellant thereupon made application to this court for a writ of error, and the writ was granted. The case was submitted on a former day of this term, but since the submission the defendants in error have presented a motion to dismiss the writ, upon the ground that this court has no jurisdiction of the cause. The question is an important one, and its determination will affect the right of appeal in a considerable number of cases in which application may be made for a writ of error to this court.

If we are without jurisdiction of the cause it is the duty of the court to dismiss the writ, with or without motion. Instead therefore of having notice of the motion to dismiss served, we have determined to set aside the submission and to request counsel to present arguments upon the following questions:

The statute provides, that "the judgments of the Courts of Civil Appeals shall be conclusive in all cases on the facts of the case, and a judgment of such court shall be conclusive on the law and fact; nor shall a writ of error be allowed thereto from the Supreme Court in the following cases, to wit: Any civil case from a County Court or from a District Court, when under the Constitution a County Court

would have had original or appellate jurisdiction to try it," etc. Laws 1892, p. 26.

The jurisdiction of the Supreme Court is confined, with some exceptions, to cases over which the Courts of Civil Appeals have appellate but not final jurisdiction. Act of April 13, 1892, art. 1011; Laws 1892, p. 20.

1. Do not these provisions deny jurisdiction to this court to grant a writ of error in any case which, under the Constitution as unaffected by statutory changes, has been or might have been brought in the County Court?

2. Before the enactment of the laws giving the District Court exclusive jurisdiction of proceedings for the trial of the right of property levied upon by a writ of attachment, execution, or sequestration, where "the property shall be equal to or exceed in value $500" (Revised Statutes, articles 1117, 1164, 4831), did not the County Court have concurrent jurisdiction with the District Court in all such cases, when the value of the property exceeds $500, but did not exceed $1000?

Compare section 8, article 5, of the Constitution, with section 16 of the same articles.


Delivered October 25, 1894.


GAINES, CHIEF JUSTICE.—The cases cited by counsel for appellant upon the argument settle the question of jurisdiction in this case. Erwin v. Blanks, 60 Texas, 583; Carney v. Marsalis, 77 Texas, 62; Betterson v. Echols, 85 Texas, 214. These decisions had escaped our memory when we referred the question back for argument. Since it is there held that the County Court under the Constitution did not have jurisdiction of a proceeding for the trial of the right of property when the value of the property levied upon amounted to or exceeded $500, this court has jurisdiction of this case.

In his affidavit the plaintiff made oath, that he claimed the property in controversy as the assignee of "Mrs. B. Wise," but in his answer to the tender of issues by the attaching creditors, he asserts title as assignee of N. Wise; and it is insisted, that he is concluded by his affidavit, and ought not to be permitted to claim in the latter capacity. To this proposition we do not assent. The statute merely requires, that the claimant shall make oath that his "claim is made in good faith." 2 Sayles' Ann. Stats., art. 4822. In Hamburg v. Wood, 66 Texas, 168, the court say: "The affidavit is not a pleading. It is to be passed upon only by the sheriff, who is not required to be learned in the law. It is a safeguard additional to the bond against frivolous delays of legal process. Its function is discharged when it has been accepted in company with the more substantial assurance of good faith, the bond." Again, in the same case, the court quote with ap-

proval the following language as used by the Supreme Court of Alabama, in the case of Lehman v. Warren, 53 Alabama, 539: "The affidavit serves its purpose when, with a proper bond by the claimant, it arrests the action of the officer and introduces the claim into court as a pending suit. Its statements can neither enlarge nor narrow the issue which the statute requires to be made up, and it is not probably required for any other reason than as an affirmation of good faith of the claimant in instituting the proceeding." The statute prescribes, in effect, that in making up the issue the pleading of the claimant shall consist of a brief statement of the nature of his claim (2 Sayles' Civil Statutes, article 4834); and we think it was legitimate for the claimant in this case, in answer to the tender of issues presented by the plaintiff, to disregard the statement in the affidavit as to the source of his right, and to assert title under an assignment made by N. Wise.

The important question in the case is, whether or not the instrument under which the plaintiff in error claims operated as a valid transfer of the goods in controversy to him. B. Wise carried on at San Marcos a small mercantile business in the name of his wife, who is designated in this record as Mrs. B. Wise. Being unable to meet his debts, and believing the goods to be the property of his wife, on the 10th day of November, 1890, he caused her to execute the conveyance in question. It purports and was intended to be an assignment to the plaintiff in error of the goods in stock, the notes, accounts, etc., belonging to the assignor, for the benefit of all her creditors—a list of whom is made an exhibit to the instrument, and is therein referred to as a part thereof. The trial court found, that the effects which purported to be transferred belonged to the community estate of N. Wise and his wife. The debts were created in carrying on the business, and were the debts of the husband as representing the community, and not the debts of the wife. We apprehend, that if the original stock of goods had been the property of the wife, since the profits of the business belonged to the community estate, debts contracted in the purchase of new goods would be community debts.

Such being the case, we are of opinion that when the husband directed the wife to sign the conveyance in her own name, and when in pursuance of such direction she did so execute it, it passed the title of the property with the same effect as if he had signed it himself in his own name and had delivered it with his own hand. Truman v. Loder, 11 Ad. & E., 589. It is clear, that if he had executed it in the name of his wife, his title would have passed by the conveyance. In Heffron v. Pollard, 73 Texas, 96, it is said, that "when a party for the purpose of transacting business adopts an assumed name, whether it be fictitious or the name of another, he is bound by a contract made in that name." In McKee v. Coffin, 66 Texas, 304, it is expressly held,

that a valid statutory assignment may be made by a duly authorized agent.

The findings of neither the trial court nor of the Court of Civil Appeals show whether the property described in the assignment was all the property of N. Wise which was subject to forced sale or not. Nor does it appear whether or not the schedule annexed contains the names of all his creditors. We have not searched the statement of facts in order to determine these questions, for we do not deem their determination of any importance. The statute provides, "that every assignment made by an insolvent debtor, or in contemplation of insolvency, for the benefit of his creditors, shall provide, except as herein otherwise provided, for a distribution of all his real and personal estate, other than that which is by law exempt from execution, among all his creditors in proportion to their respective claims, and however made or expressed, shall have the effect aforesaid, and shall be construed to pass all such estate whether specified therein or not, and every assignment shall be proved or acknowledged and certified and recorded in the same manner as provided by law in conveyances of real estate or other property." 1 Sayles' Civ. Stats., art. 65a. We think it would have been difficult for the Legislature to have used more comprehensive terms or to have expressed in such few words more clearly an intention to give to every assignment by a failing debtor—whether of a part or of the whole of his property, and whether for the benefit of some or of all of his creditors—the effect of a general assignment for the benefit of all in proportion to their respective claims. If the statute had been intended to apply only to a case in which all the creditors had been provided for, it was unnecessary to say that it should so provide, and that such should be its effect, however made or expressed. So also if the purpose was that it should operate only when all the property not subject to forced sale had been expressly conveyed, it was nugatory to say that it should pass all the assignor's estate. It fairly admits of but one construction, and that is, that whenever a debtor, either insolvent or contemplating insolvency, shall make an assignment of any part of his property for the benefit of any of his creditors, it shall operate as a conveyance of all his property to the assignee for the payment of all his debts, and that it shall be treated in all respects as a general assignment made in strict accord with the terms of the act. McCart v. Maddox, 68 Texas, 456; Bank v. Bank (opinion on application at this term, ante., p. 295). We mean by an assignment a conveyance which is made simply to pay debts, and which neither provides for a defeasance nor for a return of the surplus after the debts are paid, and not an instrument in the form of a conveyance which is merely intended to secure a debt and stipulates that upon its payment the property or any surplus which may remain shall be returned to the grantor.

In Donaho v. Fish Bros., 58 Texas, 164, the attempted assignment was made by one partner of a firm, but was not joined in by the others. Releases were provided for. The partner who did not join in the instrument had done no act which the law had declared should operate to pass title to his individual property, and therefore his title to that did not pass by the assignment. The statute could not fully operate upon the instrument, and it was therefore held void. Kittrell v. Blum, 77 Texas, 336; Still v. Focke, 66 Texas, 716; Baylor County v. Craig, 69 Texas, 332, and Cleveland v. Battle, 68 Texas, 111, are sustained upon the same ground. There are principles announced in Coffin v. Douglass, 61 Texas, 406, which are not in accord with the views expressed in this opinion; but the assignment in that case was held valid, as we think it should have been upon a different ground.

We think the judgment should have been for the claimant, the defendant in the trial court. Accordingly the judgment of the trial court, as well as that of the Court of Civil Appeals, is reversed, and is here rendered for him.

*Reversed and rendered.*

Delivered December 21, 1894.

DENMAN, Associate Justice, did not sit in this case.