### R. B. Neighbors v. J. H. Anderson and Wife.

Application No. 2974.  Decided April 25, 1901.

**1. School Land—Purchase—Married Woman.**

A valid purchase of school land may be made in the name of a married woman. (Pp. 489, 490.)

**2. Same—Community Property and Debt.**

Where the husband and wife are living together, land acquired by purchase from the State, in the name of either party, becomes community property, and the obligation given therefor in the name of the wife with the husband's consent is a valid community debt, is enforcible, and will support the purchase, and his consent will be presumed under such circumstances. (P. 490.)

APPLICATION for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Pecos County.

Neighbors sued Anderson and wife and had judgment from which defendants appealed. Certified questions were answered by the Supreme Court (Anderson v. Neighbors, ante, p. 236) and thereupon the Court of Civil Appeals reversed and rendered the judgment for appellants. Neighbors then applied for writ of error.

The opinion of the Court of Civil Appeals was as follows:

"Fly, Associate Justice.—In answer to a certified question in this case the Supreme Court has rendered an opinion that determines the issues in favor of appellants. Reference is made to that opinion for our conclusion of facts and the law applicable to the case.

"Following that opinion, the judgment of the District Court is reversed and judgment here rendered in favor of appellants."

Opinion delivered February 6, 1901.

## ON MOTION FOR REHEARING.

"In the statement made by this court in certifying the question to the Supreme Court, it was distinctly stated that 'Mrs. Anderson, a married woman, applied for and purchased from the Land Commissioner the land in controversy, and made the payment required of her at the time and gave the written obligation for the balance.' It was also stated that 'Mrs. Anderson and her husband have been in possession of the land since her purchase in 1895, and they have made valuable improvements on the land and have occupied it as a homestead up to the time of the trial.' With these facts before the court, it was answered 'that Mrs. Anderson's right to the land had not been lost under the circumstances stated in this case, and that the lease contract, executed after the written request made by her, conferred no right upon the lessee.' That the contract of purchase was made by a married woman was clearly before the Supreme Court, and we can not for a moment conceive that the court would have answered that Mrs. Anderson had not lost her rights to the land if she had no right to lose.

"In the case of Pitts v. Elsler, 87 Texas, 347, it was said: 'In this State the right of a married woman to acquire and hold property, real and personal, either by gift, devise, descent, or purchase, is as absolute as that of her husband. She may with his consent mortgage her real estate to secure his debts, or she might give her personal property to him or any other person. If she contract to buy on a credit and execute a note for the price, she may or may not, as she may elect, proceed with the contract, and the person contracting with her can not refuse to carry out the agreement because she is a married woman.'

"There is but one ground upon which the contract made with Mrs. Anderson can be declared void, and that is that she is not a 'person' in the contemplation of the statute, and that the law expressed in the Pitts-Elsler case does not apply to a contract with the State, as was held as to minors in the case of Walker v. Rogan, 93 Texas, 248.

"Much that is said in that case in regard to minors it would seem might apply with equal force to married women, but the opinion does not in terms extend so as to include married women, and it may be presumed from the answer to our question that they will not be so included.

"Independent of the expressions in the Walker-Rogan case we

would experience no difficulty in holding that when the State, through its duly accredited agents, has entered into a contract with a married woman, it would occupy the position of an individual contracting with her, and could not refuse to carry out the agreement because she is a married woman. We do not believe that the doctrine of the Walker-Rogan case should be extended to a married woman, but that it must be held as in Elsler v. Pitts, that 'in this State the right of a married woman to acquire and hold property, real and personal, either by gift, devise, descent, or purchase, is as absolute as that of her husband.'

"If that be the law of Texas, the Legislature must have had the married woman in contemplation when it used the broad term 'any person,' and never intended to exclude her from the right to acquire a home out of the public lands for herself and her children.

"The facts in this case establish that five years before the time of the trial Mrs. Anderson had purchased the land in controversy from the State of Texas, and had made all payments required by law, giving her obligation for the unpaid purchase money, that she was in possession of the land when her application was made, and together with her husband has ever since made it her home, expending money upon it and improving it. The State is satisfied with the sale to her, and not only is not attempting to repudiate it, but on the other hand, through its Commissioner of the General Land Office has endeavored to uphold it. Appellant, to whom the State has refused to lease the land, alone seeks to avoid the contract between the State and its vendee, because she is a married woman. Weatherford v. McFadden, 21 Texas Civ. App., 260.

"Believing that in answering that Mrs. Anderson had not lost her right to the land the Supreme Court must have intended to hold that she had a right to the land, and believing that a married woman is included in the broad term 'any person,' the motion for rehearing is overruled."

Opinion delivered March 6, 1901.

*Walter Gillis,* for petitioner.—The Court of Civil Appeals erred in not holding as a matter of law that Sarah Anderson, being a married woman, and alone executing her obligation to the State for the payment of the purchase price for the land sued for, her said obligation as well as the award and sale of the land made to her by the Commissioner of the General Land Office was void, and hence that the lease subsequently made to petitioner was valid. State ex rel. Walker v. Rogan, 93 Texas, 248; Anson on Con., p. 149.

GAINES, CHIEF JUSTICE.—When we answered the question certified by the Court of Civil Appeals in this case, we did not understand that the right of a married woman to purchase school lands was specifically submitted for our determination. We then thought and still think that a valid purchase may be made in the name of a

married woman. When the husband and wife are living together, school land acquired by purchase from the State in the name of either party is prima facie community property; and an obligation given therefor, either by the husband in the name of the wife or by the wife in her own name, with the consent of the husband, is, in our opinion, a valid community debt. Wetzel v. Simon, 87 Texas, 403; Miller v. Marx, 65 Texas, 131. In such a case, therefore, the obligation given for the purchase money (unlike that of a minor) is enforcible, and will support a purchase. In this case it appears that the husband and wife were living together upon the land when the purchase was made and continued to live upon it until this litigation arose, and the presumption is that the purchase was made with the consent of the husband. If it had been shown that he did not assent to the transaction, we would have had a different question.

In refusing the application for a writ of error, we have thought it proper to say this much in order to prevent a misapprehension of our ruling.

*Writ of error refused.*