### AUTOMOBILE UNDERWRITERS OF AMERICA v. BROOKS.   (No. 9474.)

(Court of Civil Appeals of Texas. Fort Worth. Feb. 26, 1921.)

**1. Appeal and error ⬦282—Motion for new trial not necessary to consideration of ruling at trial by court.**

Where the trial on issues raised by sequestration and replevin proceedings was to the court without a jury, objection to assignments of error attacking a ruling sustaining a plea to the jurisdiction on the ground that there was no motion for new trial in the court below cannot be sustained.

**2. Courts ⬦168—County court has jurisdiction of action to recover automobile of value of $600.**

Where plaintiff, in an action to recover possession of a Ford automobile alleged to be of the value of $600, sued out of the county court in which action was begun a writ of sequestration, and defendant replevied the automobile, which the sheriff assessed at the value of $600, the county court was not without jurisdiction under Const. art. 5, § 8, for the section applies only to suits for a trial of the right of personal property, as provided for in Rev. St. arts. 7769, 7778, showing that the proceeding is to be transferred to the district court only when the claim to the property sequestered is by a third person, while here it was claimed by defendant.

⬦For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Appeal from Young County Court; W. P. Stinson, Judge.

Suit by the Automobile Underwriters of America against L. W. Brooks. An automobile taken on writ of sequestration sued out by plaintiff was replevied by defendant, and defendant's plea to the jurisdiction of the county court having been sustained, plaintiff appeals. Reversed and remanded.

Marshall & King, of Graham, for appellant.

T. G. Binkley and Johnson & Johnson, all of Graham, for appellee.

CONNER, C. J. This suit was instituted by the appellant association against the appellee, L. W. Brooks, to recover possession of a certain Ford automobile, alleged to be of the value of $600. The appellant association sued out a writ of sequestration by giving the necessary affidavit and bond, under which the automobile was seized by the sheriff. The defendant thereafter replevied the automobile by giving his bond therefor as required by law.

The appellee answered by a general denial, a general demurrer, and a plea to the jurisdiction of the county court. The plea to the jurisdiction is based upon the fact that the sheriff, in returning his writ of sequestration, assessed the value of the automobile at $600. The court sustained this plea and entered a judgment against appellant. From which judgment this appeal has been perfected.

[1] To appellant's assignments of error attacking the ruling of the court appellee objects, on the ground that appellant filed no motion for a new trial in the court below, but inasmuch as the trial was before the court without a jury the objection to the assignments is not well taken. Craver v. Greer, 107 Tex. 356, 179 S. W. 862.

[2] The ruling of the court is defended upon the ground that the suit is one "for trial of right to property levied on by virtue of" a writ of sequestration, and that therefore, under the terms of section 8, article 5, of the Constitution, from which the above quotation was taken, the jurisdiction was vested in the district court and not in the county court, and the cases of Erwin v. Blanks, 60 Tex. 584, and Wetzel v. Simon, 87 Tex. 403, 28 S. W. 274, 942, are cited.

The terms of the Constitution so providing, and which we have above quoted, have been construed, and we think correctly construed, as being applicable only in suits for a trial of the right of personal property as provided for in title 129 of our Revised Civil Statutes. Article 7769 of the title referred to reads in part:

"Whenever any sheriff or other lawful officer shall levy a writ of execution, sequestration, attachment or other like writ upon any personal property, and such property, or any part thereof, shall be claimed by any person who is not a party to such writ"

—then the party so claiming the personal property may make oath to his claim, and, by terms of subsequent articles of the title, if the property is valued by the levying officer at any amount in excess of $500, he is required to return his writ to the district court, which is given jurisdiction to try the claim. See article 7778.

It seems evident that this case does not come within the purview of title 129, relating to trials of right to personal property, and to which the terms of the Constitution quoted are referable. The defendant in this case is a party to the writ and not an independent claimant, as was true in the case of Erwin v. Blanks and Wetzel v. Simon, supra, cited in behalf of appellant. On the contrary, the defendant is the party alleged by the plaintiff to be in possession of its property, which is alleged to be of a value within the general jurisdiction of the county court, and we think the county court, without doubt, had jurisdiction, and that the court erred in ruling otherwise. Rev. Stats. art. 1764; Morrow v. Short, 3 Willson, Civ. Cas. Ct. App. § 31; Pitts v. Burgess, 2 Willson, Civ. Cas. Ct. App. § 700.

It is accordingly ordered that the judgment be reversed and the cause remanded.