R. W. JONES v. O. W. LYMAN MILLINERY COMPANY.

Decided December 3, 1910.

1.—Husband and Wife—Debts by Wife—Liability of Husband.

There is no statute in this State making the husband liable for the general community debts contracted by the wife, and unless the husband expressly or impliedly authorized the wife to contract a debt, he would not be liable therefor. This rule applied in a suit for a debt contracted by a wife in the conduct of a mercantile business.

2.—Same—Agency of Wife.

The husband may appoint his wife his agent, as he may any other person; and this appointment may be implied as well as express; but the appointment must in some way be made to appear in order to render the husband liable for her transactions. The wife is not the husband's agent merely because she is his wife.

Appeal from the County Court of Taylor County. Tried below before Hon. T. A. Bledsoe.

*J. W. Moffet,* for appellant.

*B. K. Isaacs* and *H. T. King,* for appellee.—Where a married woman engages in a mercantile business with the knowledge of her husband, using community funds in the conduct thereof, and contracting debts on behalf of such business, the husband becomes *ipso facto* liable for the debts so contracted. Miller v. Marx, 65 Texas, 131; Green v. Ferguson, 62 Texas, 525; Epperson v. Jones, 65 Texas, 425; Cleveland v. Cole, 65 Texas, 402; Smith v. Bailey, 66 Texas, 553; Bennett v. Rosenthal, 3 Texas Civ. App., 196; Englemann v. Deal, 37 S. W., 653; Claflin v. Pfeiffer, 76 Texas, 469; Middlebrook v. Zapp, 73 Texas, 29; Mitchell v. Mitchell, 80 Texas, 113.

SPEER, Associate Justice.—The O. W. Lyman Millinery Company sued R. W. Jones and his wife to recover the sum of four hundred and seventy-three dollars and seventy-four cents, the value of certain merchandise alleged to have been sold to the defendants. In an amended pleading the plaintiff alleged that Mrs. R. W. Jones had purchased the goods with the knowledge and consent of her husband and for the benefit and profit of the community estate, to be used in a business managed and controlled by her, and further specifically alleged that the goods were purchased by the defendant R. W. Jones through Mrs. Jones as his agent at his special instance and request. The suit was subsequently dismissed as to the wife.

The defendant R. W. Jones denied under oath the account sued on, and specially answered that he was never at any time engaged in the retail millinery business and that the goods, wares and merchandise set forth in plaintiff's account were not purchased by him nor by his wife with his knowledge or consent, and that he never at any time confirmed or ratified the alleged purchase; that he was not consulted in regard to the matter and that he did not know of the purchase until after the filing of this suit. He further answered that if Mrs. R. W. Jones was engaged in and carried on the millinery business as alleged by plaintiff, it was without his consent, against his advice, and over his protest, and that said business was in no way carried on or conducted for the benefit of the community estate, and that there were no profits to the community estate arising out of said business, etc. There was a peremptory instruction to find for the plaintiff against the defendant, and he has appealed.

We overrule appellant's assignments complaining of the admission of evidence, the refusal to suppress depositions, etc., but the judgment must be reversed for the summary instruction. The trial court, perhaps, entertained the view expressed by counsel for appellee in his counter proposition to the effect that "where a married woman engages in a mercantile business with the knowledge of her husband, using community funds in the conduct of said business, the husband becomes *ipso facto* liable for debts created on behalf of such business." But this is putting it a little too broadly. Our statutes and decisions have been written in very kindly encouragement of the rights of married women, and incidentally, at the expense of married men, but we know of no statute, or decision by our appellate courts, going to the length indicated by the proposition quoted. In the absence of a statute imposing liability one certainly is not bound unless in some way he consents to be bound. There is no statute in this State making the husband liable for the general community debts contracted by the wife, and unless appellee in this case can show that appellant either expressly or impliedly authorized the making of the debt sued on, it has no cause of action against him. To be sure, the husband may appoint his wife his agent as he may any other person, and this appointment may be evidenced by express agreement or by implication, but it must in some way appear, for she is not necessarily his agent merely because she is his

wife. Richburg v. Sherwood, 101 Texas, 10; Speer's Law of Married Women, section 67. Appellant and his wife both testified that he had nothing to do with the purchase of the bill of goods for which this suit was brought, and he specially testified that he advised against it at all times, refused to furnish the money to make the purchase, or to sign the lease contract for the building in which to conduct the business and, in short, he was "mad all the time the thing was going on." To say the least of it, the court should have submitted to the jury as a question of fact whether or not the purchases were made upon the authority of the husband, in which event only could he be bound. Reversed and remanded.

*Reversed and remanded.*