### CITY OF DALLAS V. P. J. LOONIE AND BYRNE & CO.

#### No. 3166.

1. **Parties.**—Byrne & Co., of which firm one Cook was a silent partner, were contractors with the city of Dallas for building a city hall. The contractors sublet a part of the work to Loonie. Dispute having arisen between Loonie and the contractors, they submitted the matter to arbitration, Cook acting for the contractors' firm, Byrne & Co., and claimed to own the balance due on the contract. The agreement to arbitrate authorized the payment by the city according as the award should determine. An award was made, and suit was brought by Loonie against the city and Byrne & Co. for the amount of the award, or so much of it as was owing upon the contract. No service was had upon Cook, and the city asked a continuance in order that Cook might be served with citation. This was refused. *Held*, no error, there being no contest about the validity of the award, and Cook by signing the agreement to arbitrate for his firm was estopped to contest it.

2. **Immaterial Evidence—Fact Case.**—The city interposed a defense to Loonie's demand for the fund in its hand upon alleged ground that it had been assigned by the contractors prior to the arbitration. In support of this defense the city offered an order signed by Byrne & Co. to the Fourth National Bank authorizing the bank to collect for them, and also the papers in a suit by the bank against the contractors for a large indebtedness. No evidence was produced of an actual indebtedness to the bank, and it was not made a party to the suit. *Held*, that the court properly rejected the testimony offered, as it showed no valid transfer of the funds.

3. **Contractor's Lien on Public Building.**—The statute granting liens upon all buildings does not include public buildings and grounds. The city hall was not subject to the contractor's lien for erecting it.

APPEAL from Dallas. Tried below before Hon. CHAS. FRED. TUCKER.

The opinion states the case.

*A. P. Wozencraft* and *M. Trice*, for appellant.—1. The original contractor is a necessary party to a suit by a subcontractor to foreclose a lien for the value of labor or material furnished for the erection of a building.

2. In order for plaintiff to recover judgment against defendant (city of Dallas) affecting a fund which was claimed to have been assigned to him by Owen J. Cook, which assignment had not been accepted or ratified by the city, it was necessary that said Cook be made a party to the suit.

3. This action having for its object the subjection of the fund in defendant's hands to the payment of a debt, was an action in rem, and it was necessary that all parties interested in the subject matter involved or to be affected by the decree be made parties. Thomas v. Ownby, 1 Ct. App. C. C., sec. 1212; Railway v. Rucker & Montgomery, 59 Texas, 587; Story Eq. Plead., secs. 76, 77, and notes; Hawes' Part. to Act., secs. 24, 27; 62 Texas, 296.

4.   The payment of money on the order from the defendants Byrne & Co. to the bank by the city of Dallas constituted an acceptance of said order and an assignment of a sufficient amount of the funds in the hands of the city to pay the same, and said accepted order will protect the city from liability on a subsequent assignment of the same fund. Dan. on Neg. Inst., 2 ed., 403, 404; Drake on Attach., sec. 608.

*Leake, Shepard & Miller*, for appellees.—1. The court did not err in overruling the motion of the city of Dallas to continue this case.   Because: (1) Cook was a party to the suit by service upon the other members of the partnership of Byrne & Co.   Sayles' Civ. Stats., art. 1224. (2) There were no allegations in defendant's special answer showing that Cook was a necessary party irrespective of any connection with Byrne & Co.

2.   The court erred in reforming the original judgment rendered in this cause upon the motion for new trial of the defendant the city of Dallas, and in refusing the foreclosure of plaintiff's lien, as in said original judgment contained, upon the city hall building and lot upon which the same is situated, because the said property is not exempt from liens for work and labor done and material furnished in the construction thereof.   Const., art. 16, sec. 37; Id., art. 11, sec. 9; Scholes v. Hughes, 77 Texas, 482; Burt v. Parker County, 77 Texas, 338.

GARRETT, PRESIDING JUDGE, *Section B.*—Suit by P. J. Loonie against Byrne & Co. and the city of Dallas on an award of arbitrators, and to foreclose contractor's lien.   Byrne & Co. had a contract with the city of Dallas to build a city hall, and sublet a portion of the work to Loonie.   Differences arose between them, which by an agreement were submitted to arbitration, and it was agreed that the award should be filed with the mayor of the city of Dallas for payment out of the fund created for the building of the hall, of the amount awarded, with request to the mayor to enforce it.   Loonie also filed a statement with the city, gave notice that he would claim a contractor's lien, and recorded his contract in the county clerk's office.

The city of Dallas denied the right of the plaintiff to have a contractor's lien foreclosed on the city hall, because it was a public building, used for public purposes, and not subject thereto.   It was also pleaded that the Fourth National Bank of Dallas was claiming the amount in its hands due on said contract and had instituted suit therefor.

When the case was called for trial, the city by its attorneys asked that the cause be continued for service on Owen J. Cook, a member of the firm of Byrne & Co., who had not been served with process, because Cook was a necessary party to the suit.   The court refused to continue the cause, and required the defendant to go to trial.   The

cause was tried by the court without a jury. Judgment was rendered in favor of the plaintiff for amount of balance in the city's hands due on the contract against the city, it being less than the award; and against Byrne & Co. for the award as a firm, and individually against J. E. Byrne and J. E. Labatt, the members served with process; but the court refused to establish a lien upon the city hall. The city excepted to the judgment and has appealed, assigning as error the refusal of the court to continue the cause for service on Cook, and in excluding evidence of the claim of the Fourth National Bank. Appellee has assigned error on cross-appeal on the action of the court in refusing to establish a lien in his favor upon the building.

Owen J. Cook was a silent partner in the firm of Byrne & Co., and his name does not appear in the contract between the city and Byrne & Co.; but it is alleged in plaintiff's petition that he was a silent partner, and he is shown to have been such by the evidence. The agreement for arbitration was executed by him on the part of Byrne & Co. Appellant based its request for a continuance of the cause for service on Cook as a necessary party upon the allegation in plaintiff's petition, in setting up the agreement for arbitration, that Byrne & Co. were represented by Owen J. Cook, who claimed at the time to be the sole owner of the work by purchase from his said copartners, though plaintiff had never released them from liability to him by their contract. It is provided in the agreement for arbitration, "that each of the aforesaid parties hereby binds himself to abide by the judgment and award of the said arbitrators, or of the said umpire, as the case may be, and do hereby fully authorize and empower the said W: C. Conner, mayor as aforesaid, to give effect to the same as far as in his power lies; and he is empowered to apportion and pay out of the said funds that may be due by the city of Dallas upon its contract for building said city hall building to the said parties of the first and second part herein respectively in the amount and proportion as ascertained by said award; that is to say, that he may pay the said party of the first part by issuance of warrant payable to him the sum due him as ascertained by said award on account of his claim against the said parties of the second part, and each party shall be estopped from claiming anything from the city of Dallas beyond the amount that may be awarded and paid him as herein provided." The agreement recites, that it is entered into because "it is to the interest of both parties hereto that a final settlement may be speedily had without litigation, in order that final payment may be made by the city of Dallas; and that final payment may be made to each of said parties in due proportion of their proper claims on the funds in the hands of said city of Dallas due on the construction of said city hall building, and that all claims may be lifted from said building and the city protected, as also the bondsmen of each of said parties."

We are of the opinion that the proceedings under the agreement for arbitration, taken in connection with the proper construction of the agreement itself, amounted to an assignment by Byrne & Co. to Loonie of the funds in the hands of the city due on the contract for the building, not to exceed the amount of the award. Although Cook had bought out the interest of his copartners in the contract, he is estopped by the award, because the agreement was executed by him, and the submission to the arbitrators was made by Byrne & Co. acting through him. He had assigned to the appellee Loonie whatever right he had to the fund, and was not a necessary party to the suit to recover the same, especially since there was no controversy made either in the pleadings or the evidence about the validity of the award or the construction of the agreement by which Loonie claimed that the city held the fund for him.

In support of its defense that the balance in the hands of the city due on the contract with Byrne & Co. was claimed by the Fourth National Bank, the city introduced in evidence the following instrument in writing:

"*To the Hon. Mayor of the City of Dallas:*

"DEAR SIR—You are hereby authorized to pay to the Fourth National Bank of this city all amounts due us on estimates made by superintendent or architect on work performed or material on grounds, said estimates to be made semi-monthly as per contract, less 25 per cent retained by the city.

[Signed]          "BYRNE & Co., Contractors for City Hall."

And in connection therewith the defendant proved that the instrument was filed with the city secretary, March 20, 1888, by the Fourth National Bank of Dallas, and that under said authority defendant had paid various sums, under estimates made for said Byrne & Co., to the said Fourth National Bank, taking its receipt therefor as representing Byrne & Co. Defendant also showed by the city secretary that the bank had presented a claim to the city of Dallas sometime prior to the date of the trial, claiming $8000 as due by said Byrne & Co. to said bank, and demanded the same, claiming their right under said instrument in writing as an assignment. The papers in a suit by the bank against the city pending in the District Court of Dallas County, filed subsequently to plaintiff's suit, for about $8000 claimed under and by virtue of said instrument, were also introduced in evidence by the defendant. This testimony having been heard, the court in rendering judgment, refused to consider an objection made by the plaintiff at the time of its introduction that it was not relevant to any issue in the cause, that there was no evidence that there was any indebtedness by Byrne & Co. to the Fourth National Bank, and that the same could not be proved by said instrument, nor by the notice thereof, nor by the

papers in said cause; and further, that the instrument was not an assignment of the moneys to become due by the city of Dallas to Byrne & Co.

The instrument in writing by virtue of which the bank claimed an assignment of the fund was nothing more, taken alone, than authority to the bank to collect for Byrne & Co. It was executed and filed with the city secretary long before the execution of the agreement for arbitration and the proceedings thereunder, and if it had been followed with proof that Byrne & Co. were actually indebted to the bank, a good defense would have been presented to the extent of the indebtedness. But no proof of indebtedness was offered, although the plaintiff objected to the admission in evidence of the order, the claim of the bank, and the papers in the suit, on that ground. Defendant made no effort to call the bank in by pleading, and only showed by its evidence that the bank was asserting some claim to the fund. The evidence does not show that Byrne & Co. were indebted to the bank, and the mere assertion of a claim by the bank, though prior in point of time to the demand of the plaintiff, will not defeat his right to recover.

There was no error in refusing to establish a contractor's lien in favor of the plaintiff on the city hall. This question has just been passed upon adversely to the contention of the appellee Loonie on his cross-appeal, in the case of Atascosa County v. Angus, decided at this term, in which it is held, "that the grant of liens against 'all buildings' will not be held to include public buildings and grounds, unless they are in express terms of the statute included within its operation."

We see no error in the record, and conclude that the judgment of the court below should be affirmed.

*Affirmed.*