HERRING-HALL-MARVIN COMPANY v. OTTO P. KROEGER ET AL.

Decided May 30, 1900.

1. **Liens Against Public Buildings—Constitutional Construction.**

   Article 11, section 9, of the Constitution, exempts the property of counties from forced sale, with a proviso that "nothing herein shall prevent the enforcement of the vendor's lien, the mechanic's or builder's lien, or other liens now existing." Held, in an action to enforce a materialman's lien against a county courthouse, that the words "now existing" do not qualify "other liens" merely, but apply to all the liens mentioned, and preserves them only where they were existing at the time the Constitution was adopted. Following the legislative construction indicated in Revised Statutes, article 2339.

**2.  Same—Materialman's Lien on Funds Due Contractor—Notice.**

In an action for the value of materials furnished in building a county courthouse, the petition does not show facts giving plaintiff a lien on funds due the contractor in the hands of the county where it does not allege that written notice, in compliance with article 3296, Revised Statutes, was given the county of plaintiff's claim.

**3.  Same—Right to Attack Fraudulent Transfer of County Funds.**

Since plaintiff showed no lien on the fund due by the county to the contractor, and such fund was not subject to garnishment or attachment, it had no right to have set aside as fraudulent a transfer of such fund by the contractor to other parties and its payment to them by the county.

ON REHEARING.

**4.  Same—Equitable Lien—County Courthouse.**

One who furnishes to a contractor materials used in the construction of a county courthouse has no equitable lien on funds due the contractor in the hands of the county by reason of the fact that the county had actual notice of the claim when it had the funds in its hands.

APPEAL from Bexar.  Tried below before Hon. J. L. CAMP.

*C. A. Keller* and *Mason Williams,* for appellant.

*Lewy & Sehorn,* for appellees.

FLY, ASSOCIATE JUSTICE.—This is a suit instituted by appellant against Otto P. Kroeger, D. & A. Oppenheimer, Dan Oppenheimer, Anton Oppenheimer, and Bexar County, praying for the cancellation and setting aside of a certain transfer made by Kroeger to D. & A. Oppenheimer, that appellant be decreed a lien on certain money in the treasury of Bexar County due said Kroeger for the erection of a courthouse, and also for the foreclosure of a materialman's lien on the courthouse of Bexar County.

The following special exceptions were made by D. & A. Oppenheimer and Bexar County, and sustained by the court:

"3.  The allegations of the eighth paragraph of said petition, wherein it is averred that the defendant Kroeger assigned to these defendants the fund referred to in said paragraph of said petition, and that said assignment was fictitious and fraudulent, and that the defendant Kroeger, said Bexar County, and these defendants have conspired and confederated together for the purpose of hindering, delaying, cheating, and defrauding plaintiff out of the collection of its said debt, are wholly immaterial, irrelevant, and impertinent, since no facts are averred by said paragraph of said petition, or in any other portion thereof, showing wherein or how the plaintiff is or has been injured by any such alleged fraudulent scheme, or that the plaintiff has been injured, embarrassed, or impeded in the collection of its said debt by reason of any such fraudulent scheme.

"4.  Because the ninth paragraph of said petition, wherein it is averred that plaintiff has and had a lien upon the fund referred to therein as

being in the treasury of Bexar County, and is entitled to be paid out of said fund prior to and before any other debt of the defendant Kroeger, fails to state or show any facts giving or tending to give, or creating or tending to create, any lien in favor of plaintiff upon said fund referred to.

"5.   Because, by the tenth paragraph of said petition, a lien is claimed upon the county courthouse of Bexar County and the lots upon which it is situated, and no such lien can exist in favor of the plaintiff, because the same is contrary to the public policy of this State."

The court rendered judgment dismissing the suit as to D. & A. Oppenheimer and Bexar County, and in favor of appellant against Otto P. Kroeger for the amount of $4850.

It is provided in article 11, section 9, of the State Constitution: "The property of counties, cities, and towns owned and held only for public purposes, such as public buildings and the sites therefor, fire engines and the furniture thereof, and all property used or intended for extinguishing fires, public grounds and all other property devoted exclusively to the use and benefit of the public, shall be exempt from forced sale and from taxation; provided, nothing herein shall prevent the enforcement of the vendor's lien, the mechanic's or builder's lien, or other liens now existing."

It is insisted that the proviso in the section quoted permits the enforcement of the vendor's lien and the mechanic's or builder's lien, and that the words "now existing" qualify only "other liens." We do not think this was the intention of those who framed the Constitution, but that the object of the proviso was to merely declare that no lien existing at the time the Constitution went into effect should be interfered with by the exemption from forced sale. This is evidently the construction placed upon the section in question by the Legislature, for in article 2399, Revised Statutes, the proviso is interpreted as meaning the liens named, and "other liens existing on the 18th day of April, 1876, when the existing Constitution went into effect." In the cases of Atascosa County v. Angus, 83 Texas, 202, and Dallas v. Loonie, 83 Texas, 291, it was held that builder's and mechanic's liens could not be created against public buildings, the reason being that the statute had not provided for such liens. While we think the reason given not the proper one, still the opinions are authority for holding that such liens can not be created. It is claimed by appellant that the Supreme Court cases of Burt v. Parker County, 77 Texas, 341; Scholes v. Hughes, 77 Texas, 483, and Loonie v. Burt, 80 Texas, 582, are directly in conflict with the cases in 83 Texas, and that in each of those decisions it has been declared that such liens can be created against public buildings. It might be sufficient to say that the Loonie and Angus cases are later expressions of the Supreme Court, and should control, if there was any conflict, but in the cases cited by appellant the question now under consideration was not raised nor discussed.

In the Burt-Parker case, which is said by appellant to be directly in

point, no reference is made to the constitutional provision, or the statute in regard to public buildings, and they were not considered in arriving at a conclusion. The same may be said of the case of Scholes v. Hughes, cited by appellant. In the Loonie-Burt case the county did not appeal, and it was held that the contractor had no right to complain of a foreclosure of a lien on the property of the county.

The contention of appellant, that the petition alleges facts that give it a lien on the fund in the hands of Bexar County, due Kroeger on the contract to build the courthouse, can not be sustained. There is no allegation that written notice in compliance with article 3296, Revised Statutes, was ever given the county by appellant of its claim, and under the ruling of the Supreme Court in the case of Berry v. McAdams, 93 Texas, no lien on the fund in the hands of the county was created. In that case it is said: "The policy of the law is to relieve the owner from demands upon the ground of actual knowledge and constructive notice, because he could rarely defend himself from such claims. Written notice is certain and definite information upon which the owner must act." We express no opinion as to whether a lien would have existed on the fund held by the county if the statute had been complied with, because not called for in this case.

The fund not being subject to a lien in favor of appellant, it has no right to complain that Kroeger transferred the money in fraud of its right. Appellant could not, under its allegations, reach the fund, and can have no concern as to what becomes of it. In the case of Dittman v. Weiss, 87 Texas, 614, it was held, in harmony with other decisions cited therein, that "creditors may bring suit to subject property fraudulently conveyed by the debtor, to the payment of their debts, without having first acquired a lien thereon;" but in those cases the property conveyed or transferred could have been reached by garnishment or attachment by the creditor; but in this suit the money was beyond the reach of creditors, and they could have no right to complain of what was done with it.

The judgment is affirmed.

*Affirmed.*

Writ of error refused.

### ON MOTION FOR REHEARING.

It is insisted by appellant that it has an equitable lien on the funds in the hands of the county, because it furnished material to Kroeger to build the courthouse, and the county had actual notice of this fact at a time when it had funds in its hands belonging to Kroeger, and should be liable to appellant for such funds that it paid over to Kroeger or his assignee after such actual notice had been given it by appellant. Appellant at no time had any legal right to the funds of the county held by it to pay the contractor. Appellant could not reach it by any process of law, but upon the naked proposition that if a court of equity does

not step in and give a lien which the law forbids, appellant will lose its debt, is based the claim that appellant in equity and good conscience has a lien on a fund which the county owed Kroeger. If such theory could be held to be tenable in all cases, independent of materialmen's liens, where one person has furnished property to another which is used for the benefit of a third person, the latter would be responsible, if he knew the facts, for the value of the property.

The Constitution and public policy forbid the enforcement of liens against public buildings, and no writ of garnishment can be served upon and made efficient against a county; but the proposition is that, in case a county has had the benefit of material furnished it by a contractor who has not paid for the same, it can be held liable to the creditor of the contractor by a simple notice to the effect that such contractor owes the creditor. We know of no such rule in law or equity.

To meet cases like the present, a statute was passed in New York which protects those who furnish labor or material for public buildings; and speaking about that law, it was said by the New York Court of Appeals, in Bell v. City of New York, 105 New York, 139: "Prior to its passage there was no law by which any lien could attach upon public buildings, or upon the moneys due from a city to the contractor who did any work thereon." Attention is called to the case of First National Bank of Idaho v. County of Malbrewer, 35 Lawyers' Reports Annotated, 141, and the copious notes thereunder, which throw light on the case now under consideration.

Appellant was charged with the knowledge that it could not acquire a lien upon the courthouse, or upon the money due from the county to the contractor, and can not come into equity among that class which innocently and in good faith makes improvements or other expenditures which increases the value of the property for the owner. Pom. Eq. Jur., sec. 1241.

There is nothing in the allegations of the petition to raise any equities between appellant and Bexar County, and the motion for rehearing is overruled.

*Overruled.*