### B. R. RICHBURG v. S. SHERWOOD.

No. 1693. Decided June 12, 1907.

**Husband and Wife—Mercantile Business—Note of Wife.**

The husband is not liable upon the wife's promissory note, nor for the debt for which it was given, where it was executed by her for purchase money of a stock of goods to be used in a business carried on by their sons and for their benefit, but in her name, and the husband did not know of or consent to the transaction at the time. The fact that he subsequently learned of it and made no objection did not affect his liability. (Pp. 12–14.)

Question certified from the Court of Civil Appeals for the Fifth District, in an appeal from Wood County.

*W. W. Campbell, Hart & Hart* and *A. J. Brittain,* for appellant.—Richburg is not liable for the payment of notes executed by his wife, in her name, without his authority, knowledge or consent. Wallace v. Finberg, 46 Texas, 35; Sanger v. Warren, 91 Texas, 482; Texas L. & C. Co. v. Carroll & Iler, 63 Texas, 48; Anson on Contracts, 276 et seq.

Agency is formed by contract, express or implied: It is not formed by the relation of husband and wife. Therefore the status of the business—separate or community—conducted by the wife would not make the husband liable for debts contracted by his wife, unless he authorized the debt. Lawson on Cont. sec 165 et seq.; Anson on Cont., pp. 402-404; Huffcut on Agency, 14-25; Speer on Married Women, sec. 67.

The facts wholly fail to show appellant authorized his wife to enter into this mercantile venture and execute the notes sued upon, or to make the debts for which the notes were given, and they do not show that appellant has in any way estopped himself from denying liability in this cause. The evidence shows that appellee sold the goods to wife of appellant without any inquiry about appellant, and did not even look to him for payment, but expected payment to be made out of the business by the boys, Joe and Tom Richburg. Further, there is no evidence that appellee had made prior transactions with the wife of appellant and he, appellant, ratifying them and paying them. Walling v. Haning, 73 Texas, 580; Speer on Married Women, sec. 67; Blanchet v. Dugat, 5 Texas, 507; Wright v. Hays, 10 Texas, 130; Cheek v. Bellows, 17 Texas, 613; Matlock v. Glover, 63 Texas, 231.

*M. D. Carlock,* for appellee.—The record shows that the defendant was a married man and that M. J. Richburg was his wife, and the mercantile business was conducted in her name; under the law, the same was community property. See Speer on Married Women, sections 142, 228, and authorities there cited, also see Potter v. Kennedy, 41 S. W. Rep., 711.

It clearly appears from the statement in the certificate of the Court of Civil Appeals, that the stock of merchandise that was seized by attachment and afterwards reduced to money was the community property of the appellant and his wife. The stock was purchased originally by M. J. Richburg, she making a cash payment at the time of the purchase out of her separate means, and executing the notes sued on for the balance of the purchase money. The stock was daily sold and constantly replenished by purchases made by M. J. Richburg on credit. At the time this suit was instituted the stock invoiced $3,400. Under this state of facts, the stock when levied on was community property. Smith v. Baily, 66 Texas, 553; Epperson v. Jones, 65 Texas, 425. In such cases it seems that the husband's liability is based on the fact that the community estate is built up. It occurs to us that the point has been decided by this court. Purdom v. Boyd, 82 Texas, 130; Epperson v. Jones, 65 Texas, 425; Miller v. Marx & Kempner, 65 Texas, 131; Neighbors v. Anderson, 94 Texas, 490; Applebaum v. Bates, 3 App. C. C. (Willson), sec. 166.

Mr. Justice Brown delivered the opinion of the court.

This case comes to us upon the following certificate from the Court of Civil Appeals for the Fifth Supreme Judicial District:

"In the above entitled cause the following issues of law arise, which this court deems it advisable to present to the Supreme Court of the State of Texas for adjudication.

"*Statement.*—This suit was instituted by appellee, S. Sherwood, as plaintiff, on November 15, 1905, against the appellant, B. R. Richburg, in the County Court of Wood County, on two certain promissory notes signed by M. J. Richburg; the notes were dated January 7, 1905, the first being for $272.65, and due June 1, 1905, and was credited with $75 July 15, 1905; the second was for $272.70, and matured October 1, 1905. Each note provided for attorneys fees of ten per cent in case of legal proceedings and if not paid at maturity. The petition contained the following recital: "Both of said notes signed by said M. J. Richburg, who plaintiff alleges is the wife of defendant, B. R. Richburg, and plaintiff further alleges and says that the debt due plaintiff is a community debt and not a separate debt of the wife of B. R. Richburg, but was contracted by the consent and knowledge of the defendant B. R. Richburg and that the same was contracted for the benefit of the community of defendant B. R. Richburg and his wife M. J. Richburg, and was so contracted for the purpose of engaging in the sale of general merchandise, part of said goods being bought from plaintiff upon credit and that by reason thereof the defendant became liable to the plaintiff for the full amount of his debt due by said notes, together with the interest thereon and for attorneys fees amounting to the sum of $565.71."

"Plaintiff prayed judgment for the principal and interest due on the notes and for ten per cent attorney's fees. Defendant answered by a general demurrer, general denial and plea of non est factum. At the close of the evidence the court instructed a verdict for plaintiff and defendant appealed.

"An attachment was sued out and levied on the entire stock of merchandise and during the pendency of the suit the attached property was sold by order of court and brought $900, which was paid into the registry of the court.

"The following facts were shown upon the trial: That M. J. Richburg is now, and was when the notes were executed, the wife of appellant, B. R. Richburg; that the notes were executed in part payment of a stock of merchandise in the town of Alba, Wood County, purchased from S. Sherwood by M. J. Richburg, part of the consideration being paid by her in cash out of her separate estate and the balance was evidenced by the notes set out in the petition; that Joe Richburg, son of B. R. Richburg, and M. J. Richburg, signed the name of M. J. Richburg, at her request, to the notes; that when M. J. Richburg purchased the merchandise she intended that the business should be conducted by Joe Richburg and Tom Richburg, sons of M. J. and B. R. Richburg; that the business was conducted in the name of M. J. Richburg by Joe and Tom Richburg, goods were sold and other goods purchased to replenish the stock from time to time

until the issue of the attachment in this case, when there was owing about $2,100. The goods were invoiced by the sheriff in levying the writ of attachment at $3,400. When Sherwood sold the stock to M. J. Richburg B. R. Richburg was not present, nor consulted about the sale. He did not know of the execution of the notes by M. J. Richburg. Sherwood expected the notes would be paid by the boys, Joe and Tom Richburg, out of the business. B. R. Richburg afterwards learned that the stock of goods had been purchased by his wife and that the boys, Joe and Tom, were conducting the business. He made no protest. B. R. Richburg is a farmer 73 years old and never was engaged in mercantile business. He was not consulted in reference to the manner of conducting the business, or in the purchase of goods. No demand was made by Sherwood upon B. R. Richburg prior to the filing of this suit for payment of the notes.

"Question 1. Is the appellant, B. R. Richburg, liable on the notes sued on? If not, is he liable for the debt for which the notes were given?

"Question 2. Did the trial court err in instructing a verdict for plaintiff?"

B. R. Richburg is not liable on the note sued upon, nor for the debt for which the notes were given.

At common law a married woman by virtue of the marriage has authority to bind her husband by contract for necessaries for herself and children if not furnished by him; 15 Am. & Eng. Ency. Law, 871. By authority of the husband, expressly given or implied from his acts, the wife may act as his agent and may make contracts which would bind him and their community estate. 3 Texas Ct. App. Civ. Cases No. 158, p. 197; Neighbors v. Anderson, 94 Texas, 490; Weitzel v. Simon & Co., 87 Texas, 403.

This case does not come within either of the exceptions to the general rule, that a married woman can not make a binding contract. Mrs. Richburg did not purport to act for herself and her husband in making the note sued upon. She did not purchase the goods for the purpose of carrying on a business which would make the profits community property. She purchased the goods in order that her sons might enter into business and carry it on for themselves. The husband did not know of the purchase of the goods and the giving of the note when it occurred and in no way signified his consent to or approval of the venture. The fact that he subsequently became aware of the transaction and did not enter a protest can not affect this case, for Sherwood's rights had already accrued, if he had any, before the matter came to Richburg's knowledge. Sherwood knew that the wife was buying the goods for her sons and he did not look to the husband, B. R. Richburg, for payment of the notes, but expected that they would be paid out of the business by the sons. In such a transaction there is no foundation for the proposition that the husband is bound because the wife, with his consent, acted as his agent in making the transaction and that the community estate had been benefited by receiving the proceeds of the business. The cases cited by counsel for appellee do not apply to the facts of this case. They announce proper rules for the cases in which the decisions were

made because facts existed by which the wife was shown to have acted with the consent of her husband and with the purpose that she should transact the business for their common benefit.