### MAES v. THOMAS et ux.†

(Court of Civil Appeals of Texas. San Antonio. Oct. 18, 1911. Rehearing Denied Nov. 15, 1911.)

1. APPEAL AND ERROR (§ 907*) — PRESUMP- TIONS.

In the absence of conclusions of law and fact in the record, the judgment should be af- firmed, if it can be sustained on any theory.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2916; Dec. Dig. § 907.*]

2. LIMITATION OF ACTIONS (§ 105*) — PEND- ENCY OF ACTION — DILIGENCE IN PROSECU- TION—NECESSITY.

An action was brought by an administra- tor to foreclose a vendor's lien, in which de- fendant claimed under a bond for title executed by decedent, and judgment was rendered, vest- ing title in defendant, subject to a purchase- money lien. The property was sold under the judgment, and both parties fully acquiesced in the judgment for 30 years. *Held* that, even if the judgment was not a final judgment, the doc- trine of lis pendens would not apply in favor of claimants under the defendant to prevent the statute of limitations from running in favor of the estate or its privies; the doctrine not ap- plying, unless the pending suit is prosecuted in good faith and with reasonable diligence.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 514, 515; Dec. Dig. § 105.*]

3. LIS PENDENS (§ 1*)—NATURE OF DOCTRINE.

Whether the doctrine of lis pendens is bas- ed on constructive notice or on the policy of the law, forbidding parties to convey property pending litigation concerning it to the prejudice of the other party, the rule is that during the pendency of a suit neither party can alienate the property in dispute, so as to affect the rights of the other party.

[Ed. Note.—For other cases, see Lis Pendens, Cent. Dig. § 1; Dec. Dig. § 1.*

For other definitions, see Words and Phrases, vol. 5, pp. 4183–4185; vol. 8, p. 7708.]

4. APPEAL AND ERROR (§ 934*)—PRESUMP- TIONS TO SUPPORT JUDGMENT.

Every reasonable presumption is indulged to support a judgment.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3777–3781; Dec. Dig. § 934.*]

5. JUDGMENT (§ 286*)—PRESUMPTIONS—DEFEC- TIVE RECORD.

Where the judgment record does not show certain proceedings, it will be presumed, espe- cially after a long lapse of time, that that was done which should have been done.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 286.*]

Appeal from District Court, Harris Coun- ty; Chas. E. Ashe, Judge.

Action by Gardner Thomas and wife against Robert C. Maes. From a judgment for plaintiffs, defendant appeals. Affirmed.

W. M. Holland, L. C. Christian, Baker, Botts, Parker & Garwood, and Lane, Wolters & Storey, for appellant. J. E. Walton, Tharp & Whitehead, and Wilkinson & Lee, for appellees.

FLY, J. [1] Appellees instituted an action of trespass to try title to lots 11 and 12, in the Brooke Smith addition to the city of Houston, against appellant, and on a trial before the court, without a jury, recovered the land. The parties claimed the land from John F. Crawford as a common source; ap- pellant claiming the title through deeds made by Crawford and his vendees, and ap- pellees through a sheriff's sale of the land under a judgment against Thomas Milner, Jr., obtained by George W. Crawford, the administrator of the estate of John F. Craw- ford, deceased. It is admitted that, if the judgment referred to was sufficient to sup- port the execution under which the land was sold, the judgment of the district court is correct, and should be affirmed. In addi- tion to the claim that appellees held title to the land through an unbroken chain of title from the sovereignty of the soil, appel- lees pleaded title to the land through three, five, and ten years limitation. There are no conclusions of law and fact embodied in the record, and if the judgment of the district judge can be sustained on either theory up- on which the claim of appellees was based it should be affirmed.

[2] The evidence conclusively showed that appellees had perfected a title by five and ten years limitation, but it is claimed by ap- pellant that there was no final judgment in the case of Crawford, administrator, against Milner, and that the possession of appellees did not form a basis for limitations, but that the pending action would prevent the running of the statute in favor of the Craw- ford estate or its privies. The rule as to a purchaser pendente lite is held to be based on notice to him by the pending suit of the adverse claim of the party litigating the ti- tle as against his vendor, and in this in- stance, during the pendency of the suit, a purchaser would be put upon notice that Milner was claiming the land under a bond for title from John F. Crawford, deceased, and was demanding a deed from his admin- istrator, who set up a failure to pay the pur- chase money, and demanded a foreclosure of the vendor's lien against Milner and a sale of the land to satisfy the claim. He was also notified that a jury had returned a verdict, vesting the title to the land in Milner, subject to a lien to secure the pur- chase money, that a sale was had under and by virtue of the judgment, and that Milner had in no way shown any dissatisfaction with the judgment, and had made no effort to have it set aside. The facts further

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

† Writ of error denied by Supreme Court.

showed that Milner had fully acquiesced in the disposition of the case, and by his acts recognized its validity and vitality for more than 30 years. Even if it be admitted that there was no final judgment in the cause, the acts of Milner showed an abandonment of his suit, and full acquiescence in the disposition made as to him. Neither of the parties treated the matter as pending, but acted as though there had been a full adjudication of all matters of controversy, and we think that the doctrine of lis pendens would have no application, and that appellees had acquired a title to the land under five and ten years limitation.

[3] As before stated, it is held in opinions of courts, and by text-writers, that the effect of lis pendens is wholly referable to the general doctrine of constructive notice; but a different theory has been adopted by some courts, which hold that lis pendens affects a purchaser, not because it amounts to notice, but because the law does not allow litigant parties to give to others, pending the litigation, rights to the property in dispute which would prejudice the opposite party, and from both lines of decisions Mr. Pomeroy has formulated this general rule: "During the pendency of an equitable suit, neither party to the litigation can alienate the property in dispute, so as to affect the rights of his opponent." Pomeroy, Eq. Jur. § 633. However, under either view of the doctrine of lis pendens, the result is the same, and the same essentials must exist to create a case in which the doctrine can apply; and the rule always is that the effect of the suit as notice continues through the time of its pendency, and ends when the suit terminates in a final judgment. However, a purchaser pendente lite will not be affected, unless the suit is prosecuted in good faith, with all reasonable diligence, and without unnecessary delay. This is an old, well-established doctrine of the English courts, and is followed by American courts and text-writers. Hays v. Nourse, 114 N. Y. 595, 22 N. E. 40, 11 Am. St. Rep. 700; Pom. Eq. Jur. § 634. The rule is founded in justice and a due regard for the rights of the purchasers of property. The facts of this case bring it fully within the scope of the rule, and destroy all force that may have existed in the rule of lis pendens, as applied to the purchasers of the land. For 35 years the suit, if there was no final judgment, had lain dormant, while Milner fully recognized and indorsed the termination of the suit, and no effort has ever been made by him or his heirs or assigns to revive or further prosecute the suit instituted by him. It would not only be a great injustice, but a gross and palpable fraud upon the rights of subsequent purchasers, to sustain the rule of lis pendens, and apply it under the facts of this case. So if, as contended by appellant,

there was no final judgment in the case of Milner v. Crawford's administrator, the failure for over 30 years to prosecute the suit destroyed the effect the suit might have had as notice to purchasers of the land, and the title to the same is fully vested in appellees by limitations.

[4, 5] It follows that it becomes unnecessary, perhaps, to decide as to the finality of the judgment, although it is the rule that every reasonable presumption is indulged to sustain a judgment, and it would take no violent presumption to sustain the judgment in question, and to uphold the validity of the sale thereunder. The record is silent as to the disposition made of certain parties to the suit, and the rule is that where the record is silent as to what was done it will be presumed, after a long lapse of time especially, that what ought to have been done was done, and properly done. Hunton v. Nichols, 55 Tex. 217; Freeman on Judgments, § 132.

The judgment is affirmed.