## A. A. FIELDER LUMBER CO. et al. v. SMITH et al.

(Court of Civil Appeals of Texas. Dallas. Oct. 26, 1912. On Rehearing, Nov. 23, 1912.)

1. SCHOOLS AND SCHOOL DISTRICTS (§ 86*)—PUBLIC BUILDINGS.

Const. art. 16, § 37, declaring that materialmen shall have a lien upon the buildings for material furnished, and the statutes enacted in pursuance of it, fix the lien only on the land and buildings, and not upon any money in the hands of the owner; the giving of notice by a materialman to the trustees of a school district of a claim for materials for a school building gives no lien on or priority of rights in the building fund remaining in the hands of the trustees.

[Ed. Note.—For other cases, see Schools and School Districts, Cent. Dig. §§ 203–205; Dec. Dig. § 86.*]

2. ASSIGNMENTS (§ 50*)—EQUITABLE ASSIGNMENTS—SUFFICIENCY—FUNDS.

An order by a contractor to the supervising architect of a school building, upon whose certificate estimates under the contract were to be paid, to pay a materialman and charge to the contractor's "account" was good as between the contractor and the school trustees as an equitable assignment of a part of the fund then in the trustees' hands; it being clear what account was referred to, and being immaterial to whom the order was addressed.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 99–105; Dec. Dig. § 50.*]

3. LOST INSTRUMENTS (§ 1*)—EVIDENCE.

The fact that a written transfer of a portion of a fund was lost does not affect its validity or sufficiency, being only the evidence thereof.

[Ed. Note.—For other cases, see Lost Instruments, Cent. Dig. §§ 1–5; Dec. Dig. § 1.*]

4. ASSIGNMENTS (§ 85*)—PRIORITIES—TRANSFER OF FUND.

Transfers of portions of a certain fund will be satisfied in the order of their respective dates.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 149–151; Dec. Dig. § 85.*]

5. ASSIGNMENTS (§ 34*)—ORAL TRANSFERS—EQUITABLE ASSIGNMENT.

An oral transfer is as effective an equitable assignment as a written transfer.

[Ed. Note.—For other cases, see Assignments, Cent. Dig. §§ 67–71; Dec. Dig. § 34.*]

6. HUSBAND AND WIFE (§ 23*) — AGENCY—CONTRACTS—ASSIGNMENTS.

The wife of a contractor, who, with his consent, was in active charge of the erection of a building, was his agent in all things pertaining thereto, and authorized to execute transfers of money to materialmen from the funds due.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 142–144; Dec. Dig. § 23.*]

7. CHATTEL MORTGAGES (§ 5*)—ASSIGNMENTS—CONSTRUCTION.

An instrument which clearly shows a transfer of money that will be due, the last clause of which states the purpose to be to secure payment of a note, it not appearing otherwise what the consideration is, will be construed to intend only to describe the debt intended to be paid, and will not be held a mortgage.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 4–13, 16; Dec. Dig. § 5.*]

### On Rehearing.

8. APPEAL AND ERROR (§ 907*) — PRESUMPTIONS TO SUPPORT JUDGMENT—PRIORITIES.

Where the court, in determining the priorities between two transfers from a fund of the same date, in its judgment states that one of them should be paid in full before the other, but made no affirmative finding as to actual priority, there being no statement of facts in the record, the judgment will be sustained; it being presumed that the court had facts before it to support the priority adjudged.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2911–2915, 2916, 3673, 3674, 3676, 3678; Dec. Dig. § 907.*]

Appeal from District Court, Grayson County; B. L. Jones, Judge.

---

Action by the A. A. Fielder Lumber Company against Nellie Snyder Smith and others. From a judgment against Nellie Smith and her husband declaring priorities against a certain fund, the Fielder Lumber Company and others appeal. Affirmed in part, and reversed and rendered in part.

Head, Smith, Hare & Head, J. H. Wood, and J. T. Cunningham, all of Sherman, and Holloway & Holloway, of Dallas, for appellants. McReynolds & Hay and Abney & Hassell, all of Sherman, and Edward P. Dougherty, of Dallas, for appellees.

RASBURY, J. Nellie Snyder Smith and her husband, B. L. Smith, contracted with the school trustees of Van Alstyne independent school district of Grayson county to furnish all material and labor necessary to build and complete a public school building in the town of Van Alstyne according to certain plans and specifications prepared by John Tulloch, architect, and under his supervision. The consideration to be paid the contractors was $11,000, payments upon which amount were to be made every two weeks upon estimates of the architect, as the work progressed. During the progress of the work the appellant Fielder Lumber Company filed suit in the district court against Nellie S. Smith and B. L. Smith, and against Messrs. McKinney, Howle, Henderson, Umphress, Cartwright, Sheridan, and McDonough, trustees of the public schools of Van Alstyne. The Van Alstyne Lumber Company, W. F. Barnett, Mosher Manufacturing Company, Continental State Bank, and Palmer Pressed Brick Works were also made defendants. J. G. Knappie and M. F. Dougherty & Son intervened in the suit. Appellant Fielder Lumber Company alleged that it sold and delivered to Nellie S. Smith and B. L. Smith certain lumber and building material upon which there was a balance due of $2,335.08, which was used by them in constructing a school building owned by the trustees of the public schools of the town of Van Alstyne; also alleged that, within the time and manner provided by law, it fixed and secured the statutory materialman's lien on said school building and the lot of land upon which it stood, at which time there was in the hands of the trustees $2,200 to be used in the construction of said building, and sought appropriate relief by foreclosure and sale or a direction by the court to the school trustees to pay the debt from the funds in their possession belonging to said Smiths, and asserted that, if not entitled to the materialman's lien, it was in equity entitled to payment from the funds because of the notice given and the material furnished. The school trustees answered admitting the contract with the Smiths, disputed the legal right of Fielder Lumber Company to fix a lien on the school building since by law such lien was void as against public policy, claimed that all money due on the contract had been paid to the contractors except $2,138, which was by the contract reserved until final completion and acceptance of the building by the architect; that the other defendants and the interveners were claiming prior and superior rights to the fund, and that they were unable to determine to whom payment should be made; they tendered the money in their possession into court, and asked that it be paid to whomever was entitled thereto. Appellant Palmer Pressed Brick Works, in like manner with appellant Fielder Lumber Company, established, within the time and manner provided by law, the statutory materialman's lien on the school building and land, and asserted as well a superior equitable lien upon the funds in the hands of the trustees independent of the statutory lien based upon notice to the trustees of the furnishing of material with which to construct said building.

We shall not attempt to give in detail the pleadings of the other defendants and interveners for the reason that no issue is made upon the sufficiency thereof. Their claims to the fund in the hands of the trustees rest upon assignments from the contractors properly urged in their pleading. The case was tried without the intervention of a jury, and the case is here upon findings of fact and conclusions of law prepared by the trial judge. By its decree the trial court entered judgment in favor of all parties to this appeal against B. L. Smith for the amounts of their respective claims. The school trustees were directed to retain from the fund in their hands $202 with which to complete the building, and to pay the balance of $1,936 into the registry of the court. The court further decreed that appellants Fielder Lumber Company and Palmer Pressed Brick Works acquired no lien either upon the school building and land or the fund in the hands of the trustees, and that the assignment given Mosher Manufacturing Company was insufficient in law to constitute a transfer or assignment of part of the fund due the contractors or create any interest therein. The money tendered into court was directed to be paid as hereafter shown and to the exclusion of any participation therein by appellants, Fielder Lumber Company, Palmer Pressed Brick Works, and Mosher Manufacturing Company. From that judgment, the last three named have appealed.

It would consume too much time to consider separately the counter propositions of each appellee to the propositions of appellants, Fielder Lumber Company, Palmer Pressed Brick Works, and Mosher Manufacturing Company, and we shall not attempt to do so, but content ourselves by a careful consideration of each. This brings us to a consideration of the proposition asserted by appellant Fielder Lumber Company under

its first assignment of error; and that of the Palmer Pressed Brick Works asserted, under its second assignment of error, that giving notice of their accounts to the school trustees and filing same for record with the county clerk as required by article 5623, Rev. Civ. St. 1911 (being the notice provided to be given as a preliminary to fixing the statutory materialman's lien), had the effect to garnish the unincumbered and unexpended funds in the hands of the school trustees, and subjected same to the payment of appellant's debts. In the well-prepared and excellent brief of counsel for appellant Fielder Lumber Company, it is conceded that, by statute and decision, liens for material, labor, etc., are not permitted to be established against the state's public buildings. The reason and policy of this rule is too well known to require a discussion of the same by us, and we content ourselves by reference to the authorities quoted by counsel for appellant. Article 2845, R. S. 1911; Atascosa County v. Angus, 83 Tex. 202, 18 S. W. 563, 29 Am. St. Rep. 637; Dallas v. Loonie, 83 Tex. 291, 18 S. W. 726.

[1] But it is contended by counsel that section 37, art. 16, of the Constitution, which declares that " * * * materialmen of every class shall have a lien upon the buildings and articles made or repaired by them for * * * material furnished," evidences the intention of the framers of the Constitution to favor those creditors whose material goes into the actual construction of a building, and that hence, while the notice and subsequent proceedings were ineffectual to establish the statutory lien, in equity such notice was a garnishment of the fund and would give appellant's claim precedence over subsequent assignments by the contractors in the same manner that service of a statutory writ of garnishment would when such writs are available. We do not believe the statutes and decisions of our courts are susceptible of such a construction. It is true that the courts, in discussing and construing the statutory provisions enacted under article 16, § 37, of the Constitution, providing for the speedy and efficient enforcement of the lien provided for by the Constitution, have used the expression that such liens, when established in the manner provided by law, operate to garnish any money in the hands of the owner of the land and building. Nothing more, however, could be meant by such expression than that the owner of the building, in the event he paid out the money to some subsequent claimant, would be in a similar attitude that a defendant in statutory garnishment would be who paid out money to a subsequent claimant after service of the writ. We are confirmed in this conclusion by the fact that the mechanic's lien law fixes a lien, not upon any money in the hands of the owner of the building and land, but upon the land

and building, and he may do with the fund as he pleases, subject to the right of the lienholder to be reimbursed by the owner to the amount of his claim or the extent of the fund in the hands of the owner on a foreclosure of his lien and a sale of the property. Texas Builders' Supply Co. v. National Loan & Inv. Co., 22 Tex. Civ. App. 349, 54 S. W. 1059; Fullenwider v. Longmoor, 73 Tex. 480, 11 S. W. 500. We think the most that can be claimed under the steps taken by appellants Fielder Lumber Company and Palmer Pressed Brick Works, since a lien cannot be established against the school land and buildings, is that the trustees of the school had actual notice that the contractors owed them for material which went into the building at a time when the trustees had funds in their possession due the contractors. But in our opinion such facts do not establish any right in appellants whatever to the fund, legal or equitable. We agree that in this case the situation is difficult and unequal for appellants, but the correction lies with the Legislature rather than with the courts. Herring-Hall-Marvin Co. v. Kroeger et al., 23 Tex. Civ. App. 672, 57 S. W. 980. What we have said above disposes of the right of appellants Fielder Lumber Company and Palmer Pressed Brick Company to any priority of right to the fund in the hands of the trustees. We will discuss the other propositions raised by these parties in discussing the appeal of Mosher Manufacturing Company.

[2] The trial court, after adversely disposing of the claims of the appellants Fielder Lumber Company and Palmer Pressed Brick Company, found as a fact that the contractors had executed the following assignments against the funds in the hands of the trustees:

"In consideration of the sum of one dollar, the receipt of which is hereby acknowledged, and the further consideration hereinafter mentioned, we have hereby assigned, transferred and set over, and by these presents do assign, transfer and set over unto the Continental State Bank of Van Alstyne, Texas, all moneys due or to grow due under and by virtue of a certain contract or contracts or agreements heretofore made and entered into on the sixteenth day of September, 1909, by and between Nellie Snyder Smith and B. L. Smith of Dallas, Texas, of the first part, and the board of school trustees of the Van Alstyne independent schools, parties of the second part, for the erection and completion of a school building in the town of Van Alstyne, Texas, under the supervision of John Tulloch of Sherman, Texas, by the said party of the first part for the sum of eleven thousand dollars, on original contract and subsequent contracts for additional work and changes at a cost of sixteen hundred and ninety-five dollars,

making a total of $12,695.00, to be paid out by the board of trustees upon order of John Tulloch according to the terms of said contracts or agreements. Provided that this assignment shall be constructed to convey our final estimate or payment which according to the terms of said contract shall be paid upon completion of the building according to the terms thereof and shall be 20 per cent. of the total sum of $12,695.00, or $2,539.00. And we hereby make, constitute and appoint the said Continental State Bank, or the president or cashier thereof, our true and lawful attorney, irrevocable in our name, place and stead, but for its own use to ask, demand, sue, attach, levy, compromise, recover and receive all such sum or sums of money that are now or may hereafter become due, owing or payable for or on account of the debt and demands above assigned, and due receipts thereof to be given in our name or otherwise. The foregoing assignment is intended however to secure the· Continental State Bank for money advanced to Nellie Snyder Smith, to meet pay-roll expenses, in the sum of eight hundred ($800.00) dollars, as evidenced by one certain note bearing even date herewith for said amount and due in thirty days from date and for any renewals or extensions of said note, or· other moneys advanced, whether evidenced by note, overdraft or otherwise, though not herein particularly mentioned. In witness whereof we have hereto set our hands and seal this 29th day of January, 1910. Nellie Snyder Smith. B. L. Smith."

Mrs. Nellie Snyder Smith in Account with Mosher Manufacturing Company.

1909.
Oct. 29. Mdse. ..........................:............ $250 00
Nov. 23. Mdse. ............................. 4 00
                                                       ——— $254.

"Dallas, Texas, Feb. 4, 1910. Mr. John Tulloch, Arch't. Sherman, Texas—Please pay to Mosher Manufacturing Co. the sum of two hundred and fifty-four dollars ($254.00) account iron in Van Alstyne school buildings and charge same to my account, and oblige, Yours truly, Mrs. Nellie Snyder Smith."

On February 21, 1910, said document was filed with G. T. McDonough, secretary of said school board, who executed a receipt therefor in words as follows: "Van Alstyne, Texas, Feb. 21, 1910. Received of Mosher Manufacturing Company an order for the sum of $254.00 to be paid out of any funds belonging to Nellie Snyder Smith in the hands of the school board of the Van Alstyne independent school district. G. T. McDonough, Secy. School Board."

As bearing on the Mosher order, the court also found as facts that the school building was being constructed under supervision of John Tulloch, architect, upon plans and specifications prepared by him; that the contract price was to be paid every two weeks during progress of the work for labor and material acceptable to the architect and upon his estimates; that Nellie Snyder Smith, acting for herself and her husband, incurred the Mosher debt; and that it was for material used in the construction of the school building. The trial judge also found from the testimony in reference to the claim of J. G. Knappie as follows: "On February 12, 1910, said Nellie Snyder Smith executed and delivered to J. G. Knappie an order, addressed to G. T. McDonough, directing and requesting him to pay said Knappie the sum of $275 out of the amounts due or to become due the contractors in connection with said contract, which order was left on the desk of G. T. McDonough by said J. G. Knappie on February 12, 1910, but has been lost. Said McDonough did not accept or agree to pay said amount, and had no authority to do so, and never saw it, and had no knowledge of it. The defendant B. L. Smith did not sign said order ·or have actual knowledge of its execution." The findings of fact of the trial judge as to the claim of W. F. Barnett is as follows: "On February 12, 1910, the defendants Nellie Snyder Smith and B. L. Smith were without funds and unable to meet their pay roll and pay laborers employed in the erection of said building, and on said date, after the attempt of the said Fielder Lumber Company to establish a lien thereon, the defendant Nellie Snyder Smith entered into an agreement with the defendant W. F. Barnett, whereby he agreed to advance and furnish money from time to time to pay for labor employed on said building and to meet the weekly pay roll of said contractors, and to induce said Barnett to make such advancements. The said Nellie Snyder Smith expressly agreed that he should be repaid and reimbursed for the amount so advanced out of the amount due and to become due said contractors by said school trustees for the erection of said school building; and the defendant Nellie Snyder Smith then and there verbally agreed that the amounts. so advanced and to be advanced by said Barnett should be repaid out of said fund. That B. L. Smith and Nellie S. Smith are both insolvent, and were at the time."

In relation to the sufficiency and priority of the transfers and orders herein set out, the court by its judgment allowed, first, the claim of the Continental State Bank and directed it should be paid in full out of the fund; second, the claim of J. G. Knappie, and ordered it paid in full after the claim of the bank; third, the claim of Barnett and ordered it paid in full after payment of claim of Knappie. The Mosher claim was not allowed for the reasons stated. If allowed, however, it would have been the second order given in point of time. The payment of these claims, as allowed, exhausted the fund. In discussing the issues between those holding assignments of the fund and the issues raised by appellants in that re-

A. A. FIELDER LUMBER CO. v. SMITH **609**

spect, it is impracticable to discuss each assignment, since many similar assignments are contained in the five or six briefs on file. It may be said, however, that the issue is made (1) that the assignment to Continental State Bank is ineffectual because it shows that it was given to secure payment of a debt and is not a transfer of part of a particular fund, but in the nature of a chattel mortgage, and without force unless registered as such; (2) that Nellie Snyder Smith, being a married woman, was without authority to make the assignments to Knappie and Mosher Manufacturing Company; (3) that the alleged oral assignment to Barnett was but a promise to assign, and hence ineffectual; (4) that the assignment to Mosher Manufacturing Company did in law constitute an equitable assignment and was enforceable as such.

Discussing the issues above outlined in reverse order, we come to the claim of appellant Mosher Manufacturing Company, which was disallowed by the court for the reason that the same was insufficient in law; meaning, of course, that the Mosher transfer or order did not contain all the elements or the elements necessary to constitute, in law, an equitable assignment of any interest the contractors had in the fund due them by the school trustees. The law of equitable assignment is no longer an open question in this state, the question having been reviewed repeatedly by our Courts of Civil Appeals and Supreme Court; but as a result of varying facts in nearly every case involving the doctrine, due to the impossibility of observing in the hurry of business affairs the niceties and formalities of contracts drawn by those trained in legal matters, the question continues to arise, and the difficulty lies rather in the true construction to be put upon the order than the legal principle applicable in a given case. In the leading case of Harris County v. Campbell, 68 Tex. 27, 3 S. W. 246, 2 Am. St. Rep. 467, it is said: "It now seems to be held, by the great weight of authority, that an assignment of a part of a chose in action for a valuable consideration is good in equity, and that it may be made either by direct transfer or by an order drawn upon the particular fund." As to what will constitute a sufficient designation of the particular fund, coupled with the intention to appropriate part thereof to the use of another, is necessarily susceptible of no general rule, and in this respect each case must be determined on the particular facts developed. In the case at bar, it is maintained that the Mosher order is insufficient because not payable out of any particular fund, and because not addressed to the proper custodian of the fund. We are unable to see, as between the parties, and while the fund is yet in the hands of the holder, that it is material to whom the order may be directed, if it clearly shows, as we have just said, an intention to appropriate a part of the particular fund to the use of another. Undoubtedly a valid and enforceable transfer could be made of the fund or a portion thereof, without the necessity of directing the order to any person. While good reason can be seen in the case at bar from addressing the order to Tulloch, who was the supervising architect of the building, and in a general sense the agent of the school trustees, and upon whose certificate alone estimates for the work done upon the building were paid, yet conceding, for the sake of the argument, that he was not the holder of the fund, and that the order was improperly addressed, it nevertheless seems to us that such facts in no sense invalidated the order, if in other respects sufficient; that is to say, if, from the body of the order and the proven circumstances surrounding its execution, it can be definitely said that the contractors expressly or impliedly intended to appropriate to Mosher's use $254 of the money due them from the school trustees. And in this connection it is to be remembered that the question of notice is not involved, nor is any attempt made to hold the trustees for any greater amount than is admittedly due by them, leaving it a bare question of intention between Mosher and the contractors to be gathered from the order and the other testimony. The order is directed to John Tulloch, supervising architect for the trustees of the Van Alstyne school building, employed by the trustees as such and to prepare plans and specifications, and upon whose certificate estimates due under the contract were to be paid to the contractors. It directed him to pay to Mosher $254 "account iron in Van Alstyne school building," and the court found in its conclusions that the Mosher debt was for material used in constructing the school building. The order concludes with the request that same be charged "to my account." The account could hardly be construed to mean anything else than a reference to the account between the contractors and the school board, and meaning, of course, to charge the amount thereof up against the sum due the contractors; for while the record does show the contract between the school trustees and the contractors to construct the school building, and does show that Tulloch was the architect to supervise the work of the contractors and certify estimates, and does show, also that the iron for which the debt was due was used by the contractors in the school building, yet we are unable to find a single circumstance in the record or in the wording of the order indicating a contrary intention. In view of the facts and circumstances related above, and in deference to and approval of the decided tendency of our appellate court to sustain this character of transfer when it can be done without violence to the settled rules of evidence, we cannot escape the conclusion that it was the intention of the con-

151 S.W.—39

tractors, in giving said order, to appropriate to the use of Mosher the sum named therein out of any funds due the contractors by the school trustees, and that, as between the parties to this suit, it had that effect. Harris County v. Campbell, 68 Tex. 22, 3 S. W. 243, 2 Am. St. Rep. 467; Clark v. Gillespie, 70 Tex. 513, 8 S. W. 121; McBride v. Am. R. & L. Co., 127 S. W. 233; Stillson v. Stevens, 23 S. W. 322; Beilharz v Illingsworth, 132 S. W. 106.

[3] What we have said in reference to the Mosher order meets the objection to the allowance of the Knappie order, which we understand is attacked because improperly directed to McDonough, secretary of the school board. In other respects the findings of the trial judge quoted herein establish the giving of a sufficient transfer by the contractors to Knappie and its subsequent loss by Knappie. The loss of the transfer could in no manner affect the validity or sufficiency of same, since it was but the evidence thereof.

[4] In connection with our conclusions in reference to the sufficiency of the Mosher transfer, it has been uniformly held in this state, all questions of notice and the legal sufficiency of the transfer aside, that such transfers shall rank in the order of their respective dates, and be satisfied in full accordingly, by which process the Mosher order displaces all the other orders other than the transfer to Continental State Bank. Olive v. San Antonio, B. S. Co., 27 S. W. 789; Henke & Pillott v. Keller et al., 50 Tex. Civ. App. 533, 110 S. W. 783; Harris County v. Campbell, supra.

As indicated in another place in this opinion, and as found by the court, the contractors, during the progress of the work, were without money with which to pay their labor. They secured sufficient money from Barnett to meet the expense of the laborers on the work, and in consideration thereof agreed orally that Barnett should be reimbursed for same out of the money they were to receive for constructing the school building. In evidence of such oral agreement, they subsequently executed a written transfer covering the original transaction. The claim is made that the oral agreement between Barnett and the contractors was in law no more than a promise to assign a part of the fund, and similar to the attempted assignment in Henke & Pillott v. Keller, supra.

[5] By the findings of the trial judge, the contractors agreed that Barnett should be repaid and reimbursed for the money he advanced out of the amount due, and to become due, from the school trustees, and then and there assigned to him orally sufficient of said fund to reimburse him for such advances. It does seem to us that the language of the court establishes and finds as clear cut an oral assignment as could be expected. When all essentials necessary to constitute an equitable assignment are prov-

en to have been agreed to by the parties orally, such agreement is quite as effective as a written agreement, and it has been accordingly determined. Clark v. Gillespie, supra; Rollison v. Hope, 18 Tex. 446; Johnson v. Amarillo Imp. Co., 88 Tex. 510, 31 S. W. 503; Campbell v. Grant, 36 Tex. Civ. App. 641, 82 S. W. 794.

[6] Nellie Snyder Smith, wife of B. L. Smith, with the knowledge and consent of her husband, was in active charge of the work according to the findings of the trial judge; the legal effect of which, was to constitute her his agent in all things pertaining thereto. Hence we overrule all the assignments of error raising her lack of authority to execute the transfers of the moneys due under the contract. Richburg v. Sherwood, 101 Tex. 10, 102 S. W. 905; Wetzel v. Simon, 87 Tex. 403, 28 S. W. 274, 942.

[7] The claim urged by appellant Palmer Pressed Brick Works that the assignment to Continental State Bank is a mortgage rather than an assignment is not, in our opinion, a fair construction of the instrument. The first and second clauses of the instrument clearly show a transfer of the money that will be due the contractors on their last estimate for work on the school building. The only language in the transfer that could be held to create a mortgage is the last clause, wherein it states the purpose of the transfer to be to secure payment of a note for $800; and, since the transfer at no other place states the actual consideration or purpose of same, we conclude the last clause was intended only to describe the debt the contractors intended to pay.

The case as to the appellants Fielder Lumber Company and Palmer Pressed Brick Works will be affirmed, and reversed and rendered as to appellant Mosher Manufacturing Company, with instructions to the lower court to reform its judgment so as to satisfy in full, out of the fund deposited in court by the school trustees, each of the transfers given by the contractors in the order of their dates, which is first the claim of Continental State Bank, second, the claim of Mosher Manufacturing Company. The claims of Knappie and Barnett, so far as the record discloses, being given simultaneously, the balance of said fund, after paying the bank and Mosher, shall be apportioned between them; each to receive that portion or percentage of the remaining part of the fund that his judgment bears to the whole thereof, based upon the amount found to be due by the trial court. In all other respects the judgment of the court is affirmed.

Affirmed in part; reversed and rendered in part.

### On Rehearing.

Appellee Knappie in his motion for rehearing urges that we erred in directing that, after payment in full of the claims of Continental State Bank and Mosher Manufactur-

ing Company, the balance of the fund in controversy should be apportioned between him and appellee Barnett, and in this contention we concede he is correct. The trial court found as a fact that the transfers to Knappie and Barnett were both executed February 12, 1910, as stated in our opinion, but made no affirmative finding as to actual priority.

[3] The trial court did, however, direct in the judgment below that Knappie should be first paid in full before any sum should be paid to Barnett. There is no statement of facts in the record, and it is the well-settled rule in such cases that, in order to sustain the judgment of the trial court, we shall presume the court had before it facts sufficient to support its judgment, or, in the case at bar, the priority of the Knappie claim, although omitted from the court's finding. Ellis v. National Exchange Bank, 38 Tex. Civ. App. 619, 86 S. W. 776; Jarrell v. Sproles, 20 Tex. Civ. App. 387, 49 S. W. 904; Malone v. Fisher, 71 S. W. 996; Drake v. Davidson, 28 Tex. Civ. App. 184, 66 S. W. 889; Maes v. Thomas, 140 S. W. 846.

It is accordingly ordered that the judgment be reformed, and the court below, in accordance with the view here expressed, be directed that, after payment in full of the claims of Continental State Bank and Mosher Manufacturing Company, the claim of appellee Knappie be next paid in full, if there be sufficient funds; any balance to be applied to the claim of said Barnett.